**In the Matter of K.B., a Minor, Appellant.**

No. 05–02–00994–CV.

Court of Appeals of Texas, Dallas.

June 3, 2003.

April E. Smith, Mesquite, for appellant.

William T. (Bill) Hill, Jr., Charles Patrick Reynolds, Dallas, for state.

Before Justices MORRIS, WRIGHT and MOSELEY.

## OPINION

Opinion by Justice MOSELEY.

After appellant K.B. pled true to violating the terms of his probation, the trial court committed him to the Texas Youth Commission (TYC). Appellant brings two issues on appeal claiming: (1) the trial court abused its discretion by committing appellant to the Texas Youth Commission rather than to a less restrictive placement at Glen Mills; and (2) the order modifying disposition should be reformed. For the reasons set forth below, we affirm the court's judgment committing appellant to the Texas Youth Commission, and sustain appellant's issue to modify the court's disposition order to correct errors in that judgment.

### Background

In March 2001 K.B. was adjudicated a child engaged in delinquent conduct for committing the misdemeanor offenses of making a terroristic threat and burglary of a motor vehicle. In April 2001, the court placed K.B. on probation for one year in his mother's custody. In August 2001, K.B. entered a plea of true to the felony offense of unauthorized use of a motor vehicle. The trial court postponed disposition so K.B. could participate in the Dallas Youth Academy Program. However, after a disposition hearing on November 19, 2001, the trial court ordered that K.B. be put on probation for one year with placement at Correction Service Corporation–Medlock (CSC–Medlock).

On April 26, 2002, the State filed a Motion to Modify Disposition because K.B. failed to obey the rules of the court-ordered placement.[1] K.B. entered a plea of true to this allegation. On May 9, 2002, the court modified its prior disposition order and committed K.B. to the Texas Youth Commission. K.B. appeals.

### I. Abuse of Discretion

In his first issue on appeal, K.B. claims the trial court abused its discretion

---

1. The motion also claimed that appellant was unsuccessfully discharged from his court-ordered placement, but May 8, 2002, the court signed an order non-suiting that claim.

in modifying his disposition by committing him to the TYC rather than committing him to a less restrictive placement at Glenn Mills. "[A] disposition based on a finding that the child engaged in delinquent conduct that violates a penal law of this state or the United States of the grade of felony, ... may be modified so as to commit the child to the Texas Youth Commission if the court after a hearing to modify disposition finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court." TEX. FAM.CODE ANN. § 54.05(f) (Vernon 2002). Juvenile courts are vested with a great amount of discretion in determining the suitable disposition of children found to have engaged in delinquent conduct, and this is especially so regarding hearings to modify disposition. *In re J.L.,* 664 S.W.2d 119, 120 (Tex.App.-Corpus Christi 1983, no writ). When a juvenile court modifies a disposition, the controlling issue is whether the record shows that the court abused its discretion in finding, by a preponderance of the evidence, a violation of a condition of probation. *See In re M.A.L.,* 995 S.W.2d 322, 324 (Tex.App.-Waco 1999, no writ). Under an abuse of discretion review, we reverse the trial court only if the trial court has acted in an unreasonable or arbitrary manner. *J.R.W. v. State,* 879 S.W.2d 254, 257 (Tex. App.-Dallas 1994, no writ).

■ In this case K.B. pled true to the allegation that he failed to obey the rules of the court-ordered placement. This justified the court's finding by a preponderance of the evidence that K.B. had violated a lawful court order, and authorized the court to commit K.B. to the Texas Youth Commission. *See In re M.A.L.,* 995 S.W.2d at 324.

■ After the court found that K.B. had violated the terms and conditions of his probation, it proceeded to receive evidence regarding the State's recommendation for K.B.'s disposition. The evidence supports the court's finding that the TYC was a suitable disposition for K.B. In deciding upon K.B.'s disposition the court received testimony· from K.B.'s probation officer, and a predisposition report showing that: (1) K.B. had been adjudicated a child engaged in delinquent conduct twice, including once for the felony for which he was currently on probation; (2) probation at home and outside the home had both been tried and had failed; (3) K.B. had received multiple negative incident reports at Medlock; (4) he had violated the rules of his placement; and (5) the Case Planning Review Committee recommended that K.B. be committed to TYC as the "least restrictive, most appropriate alternative to address [K.B.'s] needs for education, structure, supervision, anger management and re-socialization."

K.B. testified that he had problems with anger management, and requested that he receive a placement with the Glenn Mills facility in Pennsylvania rather than be committed to the TYC, but offered no evidence that it was more appropriate or less restrictive than TYC. K.B.'s mother testified that she hoped the court would consider sending K.B. to the Glenn Mills facility because K.B. thought it would help him, but also offered no evidence that it would be more appropriate or less restrictive than TYC. K.B. further admitted that even in the month immediately preceding the modification hearing he had had a "slip-up" in detention. The court considered K.B.'s past history and the efforts made to keep him at Medlock on his second probation, and denied K.B.'s request for another placement.

We conclude the trial court did not abuse its discretion by committing K.B. to the TYC. *See In re L.R.,* 67 S.W.3d 332,

338 (Tex.App.-El Paso 2001, no pet.). We resolve K.B.'s first issue against him.

## II. Reformation of Order Modifying Disposition

K.B. claims, and the State agrees, that the trial court's order contains errors in the portion entitled "Judgment of Disposition T.Y.C. Commitment." This Court has authority to modify or reform a judgment to make the record speak the truth when the matter has been called to its attention. *French v. State*, 830 S.W.2d 607, 609 (Tex.Crim.App.1992); *Asberry v. State*, 813 S.W.2d 526, 531 (Tex.App.-Dallas 1991, pet. ref'd). This Court is authorized to modify the trial court's judgment. Tex.R.App. P. 43.2(b). K.B. and the State point out three errors in the trial court's judgment. Accordingly, the trial court's judgment is modified as follows:

(1) the statement in the judgment that the "Court proceeded to consider the reports referred to in section 54.05(f) of the Juvenile Justice Code" shall be changed to read: "Court proceeded to consider the reports referred to in section 54.05(e) of the Juvenile Justice Code";

(2) the statement in the judgment that "the Respondent child is eligible for a commitment to the Texas Youth Commission pursuant to Section 54.04(q)" shall be changed to read: "the Respondent child is eligible for a commitment to the Texas Youth Commission pursuant to Section 54.05(f)";

(3) the statement in the judgment "engaging in delinquent conduct that violates a penal law of this State of the grade of misdemeanor" shall be changed to read: "engaging in delinquent conduct that violates a penal law of this State of the grade of felony."

We modify the judgment of the trial court to correct clerical errors as set forth in section II above, and affirm, as modified, the judgment of the trial court committing K.B. to the Texas Youth Commission.