MEMORANDUM OPINION


No. 04-04-00407-CV

IN THE MATTER OF R.L.

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2002-JUV-02657
Honorable Carmen Kelsey, Judge Presiding



 
Opinion by:    Karen Angelini, Justice
 
Sitting:            Sarah B. Duncan, Justice
Karen Angelini, Justice
Sandee Bryan Marion, Justice
 
Delivered and Filed:   October 12, 2005

AFFIRMED
            This is an appeal from the trial court’s order of modification of disposition in a juvenile case
committing R.L. to the Texas Youth Commission for an indeterminate period of time. Because we
overrule R.L.’s sole issue on appeal, the trial court’s order is affirmed. 
Background
            In February 2003, a jury found beyond a reasonable doubt that R.L. had engaged in
delinquent conduct by committing the offense of indecency with a child. Tex. Pen. Code Ann.
§ 21.11 (Vernon 2003). The trial court ordered that R.L. be placed on probation, under the
supervision of the Bexar County Juvenile Probation Department for a period of thirty months. The
court further ordered that R.L. be removed from his home and placed by the probation department
in a public or private treatment program that could meet R.L.’s therapeutic needs and provide for his
care and support while he completed probation. R.L. agreed to certain conditions of probation,
including that he would, “cooperate fully and obey all rules of the residential placement facility (or
foster home) where [he is] placed and [would] remain at such facility (or home) until completing the
program or until authorized to leave by the Court/Juvenile Probation Department.”
            In April 2004, the State filed a motion to modify disposition, alleging that R.L. had violated
the conditions of his probation which are reasonable and lawful orders of the juvenile court. 
Specifically, the State alleged that R.L. had failed to obey the rules of his residential placement by
refusing to take medications and attend school, leaving the placement without permission, and
engaging in inappropriate sexual contact with other residents of the facility. R.L. pled true to the
State’s allegations. 
            In his sole issue on appeal, R.L. contends that the trial court abused its discretion by
committing him to TYC. Specifically, R.L. asserts that there was no evidence that his therapeutic
needs could not be met in a placement through juvenile probation. Because we conclude that the
trial court did not abuse its discretion, we overrule R.L.’s issue on appeal and affirm the trial court’s
order.
 
 
 
Discussion
A.        Standard of Review
            The trial court is permitted to modify its original order of disposition to commit a juvenile
to the Texas Youth Commission if, after a hearing, the court finds by a preponderance of the
evidence that the child violated a reasonable and lawful order of the court. Tex. Fam. Code Ann.
§ 54.05 (f) (Vernon Supp. 2004-05); In re T.W.K., 4 S.W.3d 790, 791 (Tex. App.—San Antonio
1999, no pet.). The trial court is required to state specifically its reasons for the modification. Tex.
Fam. Code Ann. § 54.05 (i) (Vernon Supp. 2004-05); In re E.D., 127 S.W.3d 860, 864 (Tex.
App.—Austin 2004, no pet.). Juvenile courts have a great deal of discretion in determining the
suitable disposition of children found to have engaged in delinquent conduct, particularly in hearings
to modify a disposition. In re H.G., 993 S.W.2d 211, 213 (Tex. App.—San Antonio 1999, no pet.). 
In a modification determination, the controlling issue is whether the record supports, by a
preponderance of the evidence, that the juvenile violated a condition of probation. In re K.B., 106
S.W.3d 913, 915 (Tex. App.—Dallas 2003, no pet.). Absent an abuse of discretion, we will not
disturb the trial court’s findings. Id. The trial court abuses its discretion if it acts arbitrarily or
unreasonably. Id.
B.        Analysis
            R.L. contends that the trial court abused its discretion in committing him to TYC because the
record contains no evidence that his therapeutic needs could not be met while in a placement through
juvenile probation. However, no such evidence is required for the court to exercise its authority
under the Family Code to modify its prior disposition and commit a juvenile to TYC. Tex. Fam.
Code Ann. § 54.05 (f) (Vernon Supp. 2004-05) (requiring only that the court find the juvenile
violated a reasonable and lawful order of the court to modify its disposition); In re J.P., 136 S.W.3d
629, 630-31 (Tex. 2004); In re H.G., 993 S.W.3d at 214. Here, the trial court had previously ordered
R.L. to comply with certain conditions of probation. R.L. judicially confessed to violating those
conditions when he pled true to the State’s allegations that he had failed to follow the rules of his
placement. A plea of “true” to a violation of a probation order and a stipulation to the evidence are
analogous to a judicial confession which justifies the court’s finding that the violation was
committed by a preponderance of the evidence. See In re K.B., 106 S.W.3d at 915; In re M.A.L., 995
S.W.2d 322, 324 (Tex. App.—Waco 1999, no pet.); see also In re R.T.R., No. 04-04-00816-CV,
2005 WL 1629899, at *1 (Tex. App.—San Antonio July 13, 2005, no pet.). 
            Because the evidence was sufficient to support the trial court’s finding that R.L. violated a
reasonable and lawful order of the court, the court was authorized and within its discretion to modify
its previous disposition order and commit R.L. to the Texas Youth Commission. Tex. Fam. Code
Ann. § 54.05 (f) (Vernon Supp. 2004-05). We overrule R.L.’s sole issue on appeal.
Conclusion
            Having overruled R.L.’s issue, we affirm the trial court’s order. 
 
Karen Angelini, Justice