Opinion filed June 8, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed June 8, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-04-00296-CV 

                                                    __________

 

                                        IN THE MATTER OF S.R.S.

 



 

                                              On
Appeal from the Juvenile Court

 

                                                          Taylor
County, Texas

 

                                                   Trial
Court Cause No. 3505-J

 



 

                                              M
E M O R A N D U M  O P I N I O N

 

Appellant, S.R.S., appeals from the trial court=s judgment modifying its earlier
disposition and committing her to the Texas Youth Commission. We affirm.

                                                               Background
Facts








Appellant was adjudicated for the felony offense
of burglary of a habitation and the misdemeanor offense of assault.  The trial court placed appellant on probation
at Seaton Home in San Antonio, Texas, for a period of six to twelve months,
subject to extensions not to exceed one year until she turned eighteen.  Successful completion of the Seaton Home
program was a condition of appellant=s
probation.  Appellant did not
successfully complete the program because she was unable to abide by Seaton
Home=s rules
and regulations.  The State moved to
modify her probation.  The trial court
modified appellant=s
probation by extending it for twelve to twenty-four months. Under the modified
probation, appellant had to complete the resident-based intensive
supervision/probation program at the Taylor County Juvenile Justice Center
Post-Adjudication Facility.

Appellant successfully completed the
resident-based program and was released. 
Appellant was still required to abide by her conditions of probation,
which included obeying all applicable state, local, and federal laws.

Shortly after her release, appellant committed two
new assaults.  The State filed a motion
to modify appellant=s
probation alleging that she had intentionally, knowingly, or recklessly caused
bodily injury to Machelle Bacerra and April Ann Maldonaldo.  The court found that the State=s allegations were true and committed
appellant to the Texas Youth Commission.

                                                                  Issue
on Appeal

Appellant alleges in a single issue that the trial
court erred in committing her to the Texas Youth Commission because the State
did not prove that she had two prior adjudications as required by Tex. Fam. Code Ann. ' 54.05(k) (Vernon Supp. 2005).

                                                              Standard
of Review

We review the trial court=s
modification of a juvenile disposition for an abuse of discretion.  In re K.B., 106 S.W.3d 913, 915 (Tex.
App.CDallas
2003, no pet.).  Under an abuse of
discretion standard, we reverse only when the trial court has acted in an
unreasonable or arbitrary manner. Id.

                                                 Modification
of Juvenile Disposition

Appellant contends that Section 54.05(k) applies
to this case and that, because she did not have two prior adjudications, it was
error for the trial court to commit her to the Texas Youth Commission.  We disagree.

Because she was on probation for a felony offense
(burglary of a habitation), Tex. Fam.
Code Ann. '
54.05(f) (Vernon Supp. 2005) applies. 
This statute provides:

Except
as provided by Subsection (j), a disposition based on a finding that the child
engaged in delinquent conduct that violates a penal law of this state or the
United States of the grade of felony or, if the requirements of Subsection (k)
are met, of the grade of misdemeanor, may be modified so as to commit the child
to the Texas Youth Commission if the court after a hearing to modify
disposition finds by a preponderance of the evidence that the child violated a
reasonable and lawful order of the court.








Appellant=s
original offense was felony burglary of a habitation.  See Tex.
Pen. Code Ann. '
30.02 (Vernon 2003).  The State,
therefore, was only required to prove by a preponderance of the evidence that
appellant violated a reasonable and lawful order of the court.  The State met this burden by proving that
appellant committed two new assaults.

Even if appellant were correct that Section
54.05(k) applied, the trial court did not err because the State is no longer
required to prove two prior adjudications. 
This provision was modified by the legislature in 2003.  The statute formerly required two prior
adjudications; but, effective September 1, 2003, the State need only prove one.[1]  Appellant=s
underlying burglary occurred on September 9, 2003.  The amended statute, therefore, applies.  Appellant=s
issue is overruled.

                                                                        Holding

The judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

June 8, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











     [1]Act
of June 2, 2003, 78th Leg., R.S., ch. 283, ' 21, 2003
Tex. Sess. Law Serv. Ch. 283.