NO. 07-08-0241-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 10, 2009
_____

IN THE MATTER OF L.L., JR., A CHILD
_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A2193-0609; HONORABLE ROBERT W. KINKAID, JR., JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, L.L., Jr., appeals from the trial court's order modifying the disposition to commit him to the Texas Youth Commission (TYC). Through one issue, he contends the trial court erred when it failed to make a statutorily-required determination in its written judgment. We will modify the trial court's judgment to reflect the omitted finding and affirm it as modified.

Background

In October 2006, appellant was found to be a child engaged in delinquent conduct on his plea of "true" to an allegation he committed burglary of a habitation. He was placed

on probation until his eighteenth birthday. The State filed two motions to modify the disposition in 2007. The first was dismissed. After a hearing held in August 2007 as to the second, appellant was placed in a rehabilitation program outside of his home.[1] In March 2008, the State filed another motion to modify the disposition. A hearing was held in May 2008 wherein appellant plead "not true" to the allegations. The court found the allegations to be true and modified the disposition to commit appellant to TYC.

The oral pronouncements made by the trial court regarding its decision included the pronouncement "that [appellant] cannot be provided the quality of care and level of support and supervision that [he] need[s] to meet the conditions of probation." But this pronouncement was not included in the written judgment, contrary to the statutory requirement in section 54.05(m)(1)(C) of the Family Code. Appellant timely appealed.

## Analysis

Via his sole point of error, appellant complains the trial court erred in failing to include the [above-noted] statutorily-directed finding in the written judgment. Because appellant complains only of an omission in the written judgment and not the trial court's decision to place appellant in TYC, we will address only the evidence pertinent to the omitted finding.

---

[1] The record reflects appellant successfully completed this program and was released on December 20, 2007.

2

Section 54.05(m)(1)(C) (Vernon 2007) provides:

(m) If the court places the child on probation outside the child's home or commits the child to the Texas Youth Commission, the court:

(1) shall include in the court's order a determination that:

(C) the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation . . . .

This Court has authority to correct, modify and reform a judgment to make the record speak the truth when the matter has been called to its attention and it has the necessary information to do so. *In re K.B.,* 106 S.W.3d 913, 916 (Tex.App.–Dallas 2003, no pet.); *In re J.K.N.,* 115 S.W.3d 166, 174 (Tex.App.–Fort Worth 2003, no pet.) (court is authorized to modify juvenile court's judgment); *Asberry v. State,* 813 S.W.2d 526, 529 (Tex.App.–Dallas 1991, pet. ref'd). This power extends to reforming, correcting or modifying the written judgment to include omitted findings. *See, e.g., French v. State,* 830 S.W.2d 607, 609 (Tex.Crim.App. 1992) (court of appeals properly granted State's motion to reform trial court's judgment to include the jury's affirmative deadly weapon finding); *Cobb v. State,* 95 S.W.3d 664, 668 (Tex.App.–Houston [1st Dist.] 2002, no pet.) (court's power includes adding a deadly-weapon finding to a judgment that erroneously omitted a fact-finder's deadly-weapon finding); *Asberry,* 813 S.W.2d at 529-31) (adding deadly-weapon finding). The authority of the appellate courts to reform judgments is not limited to those situations involving mistakes of a clerical nature. *Bigley v. State,* 865 S.W.2d 26, 27 (Tex.Crim.App.

1993).  The necessary information is provided in the record here.  Accordingly, we are authorized to modify the trial court's judgment.  Tex. R. App. P. 43.2(b).

At the close of the May 2008 hearing, the trial court stated the following findings on the record:

This court finds that you are a juvenile who is in need of rehabilitation.  I further fined [sic] that the public needs protection from you.  I find that it would be in the best interest of yourself that you be placed outside your home, that you cannot be provided the quality of care and level of support and supervision that you need to meet the conditions of probation; that there have been reasonable efforts made by this Court to eliminate the need for your removal and make it possible for you to return to your home.

I particularly take notice of the fact that this is the second time I have found that you have violated your probation.  I gave you a [break] once before; so therefore, it will be the order of the Court that you shall be committed to the Texas Youth Commission where they're authorized by law to keep you until your 21st birthday.

However, as both parties agree, the court's written order committing appellant to TYC failed to include the requisite determination that "the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation."  Tex. Fam. Code Ann. § 54.05(m)(1)(C) (Vernon 2007).

Appellant argues this omission requires the reversal of the judgment and remand of the case.  Appellant relies on the decision in *In re J.T.H.,* 779 S.W.2d 954 (Tex.App.–Austin 1989, no pet.) for this proposition. There, the trial court stated in its order that it was in the child's best interest to be placed outside the home but it made no finding whether efforts were made to keep the child at home.  The court concluded that by omitting its

4

determination concerning efforts to keep appellant in his home, the trial court failed to comply with section 54.04(g). As a result, the appellate court reversed the trial court's order of disposition and remanded the cause. As noted by the State here, however, the *J.T.H.* opinion does not clearly indicate whether the trial court made oral findings with regard to the information omitted from the order. Because the trial court did so here, we find *In re J.T.H.* distinguishable.

Not only did the trial court make the finding that appellant could not be provided the quality of care and level of support and supervision in his home that he needs to meet the conditions of probation, the evidence of record supports the finding. The trial judge who made the finding presided over the prior proceedings involving appellant and had repeatedly found appellant could not be provided the quality of care and level of support and supervision needed to meet the conditions of his probation at home.[2] Evidence supporting the trial court's finding was presented at each of the proceedings. The evidence presented showed appellant's mother was incarcerated for transporting illegal drugs across the border from the beginning of the case until after appellant was committed to TYC. Appellant's father failed to appear at one modification hearing despite being properly served notice. Appellant's father was out of the country for at least one week, leaving his eight children without adult supervision. While in his father's custody, appellant regularly smoked marijuana and crack cocaine. Appellant committed additional offenses immediately after being released from a rehabilitation program and from county jail.

---

[2] The social case history generated by appellant's probation officer admitted at the hearing included a statement that "[t]here also continues to be concerns with [appellant's] home environment and lack of parental supervision."

We modify the trial court's order modifying disposition to commit appellant to TYC to reflect the trial court's oral pronouncement that "the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation." Tex. Fam. Code Ann. § 54.05(m)(1)(C) (Vernon 2007). *See* Tex. R. App. P. 43.2(b); *Bigley,* 865 S.W.2d at 27-28; *Asberry,* 813 S.W.2d at 529-30.[3]

As modified, we affirm the trial court's judgment.

James T. Campbell
Justice

---

[3] *See Thompson v. State,* 108 S.W.3d 287, 290 (Tex.Crim.App. 2003) (when oral pronouncement of a sentence in open court and the written judgment conflict, the oral pronouncement controls); *Smith v. State,* 176 S.W.3d 907, 920 (Tex.App.–Dallas 2005, no pet.). *See also In re C.L.W.,* Nos. 05-05-00754-CV, 05-05-00776-CV, No. 05-05-00777-CV, 05-05-00778-CV, 05-05-0079-CV, 2006 WL 321959 (Tex.App.-Dallas Feb. 13, 2006, no pet.) (mem. op., not designated for publication) (modifying trial court's adjudication order to reflect appellant committed to TYC despite conflict between oral pronouncement and disposition order).