*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

## MEMORANDUM OPINION

No. 04-09-00005-CV

**IN THE MATTER OF S.J.P.**, a Juvenile

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-JUV-02525
Honorable Carmen Kelsey, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Phylis J. Speedlin, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed: January 6, 2010

AFFIRMED AS MODIFIED

S.J.P. was adjudicated as having engaged in delinquent conduct by committing criminal trespass, and placed on probation until his eighteenth birthday in the custody of the Chief Juvenile Probation Officer of Bexar County, Texas for the purpose of long-term placement outside the home. We modify the trial court's judgment to correctly reflect that the type of delinquent conduct in which S.J.P. engaged was criminal trespass to a building, and we affirm the judgment as modified.

### FACTUAL AND PROCEDURAL BACKGROUND

On the evening of September 29, 2008, S.J.P., who was sixteen years old, was arrested for criminal trespass after officers found him and a friend inside a vacant house located at 3715 Portsmouth Drive, San Antonio, Texas. The owner of the vacant house, who resided nearby, had

called police to report a possible burglary stating that she saw two males go around the back of the house and then saw a light go on inside the house. When the officers arrived, they found the back door's deadbolt unlocked but the inside chain attached, preventing the door from opening. The officers obtained the owner's permission to force the door open and entered the house, ordering all occupants to show themselves. They found S.J.P. and another male "in separate bedrooms sitting on the floor of the empty, vacant house." S.J.P. told the officers that he and his friend needed a place to stay and he knew the house was vacant because his sister had recently been evicted from the house.

The State filed an original petition alleging that S.J.P. had engaged in delinquent conduct by committing the offense of criminal trespass to a building, a Class B misdemeanor. *See* TEX. PENAL CODE ANN. § 30.05(a)(1) & (d)(1) (Vernon Supp. 2009). Subsequently, the State filed an amended petition correcting S.J.P.'s date of birth and alleging he had committed the offense of criminal trespass to a habitation, a Class A misdemeanor. *See* TEX. PENAL CODE ANN. § 30.05(a)(1) & (d)(3) (Vernon Supp. 2009). On December 16, 2008, S.J.P. appeared in court for trial with his parents and counsel. The court advised S.J.P. that he was charged with criminal trespass to a building, and S.J.P. orally pled true to that charge and stipulated to the State's evidence admitted as State's Exhibit 1; the written plea papers signed by S.J.P. also reflect a plea of true to criminal trespass to a building. The trial court accepted the plea of true and adjudicated S.J.P. delinquent, finding that State's Exhibit 1 "does support the charge of criminal trespass that I had read to you earlier." The court then found a need for disposition and proceeded to consider the pre-disposition report prepared by the Juvenile Probation Officer, the parental written statement by S.J.P.'s mother, and the State's recommendation. The court followed the State's recommendation and placed S.J.P. on probation

until his eighteenth birthday in the custody of the Chief Juvenile Probation Officer of Bexar County for the purpose of placement outside the home in a secure placement facility. The written order of adjudication states that S.J.P. engaged in delinquent conduct by committing criminal trespass of a habitation, not a building. S.J.P. now appeals both the order of adjudication and the order of disposition.

**ANALYSIS**

### *Order of Adjudication*

S.J.P. challenges the adjudication order as legally insufficient because it finds he engaged in delinquent conduct by committing criminal trespass to a habitation, while the written plea papers and the oral plea colloquy were for criminal trespass to a building, a lesser class of misdemeanor. S.J.P. asserts there is no evidence in the record to support a finding he committed trespass to a habitation, and requests that we reverse the adjudication order and render a "verdict of not true." The State responds that the record supports S.J.P.'s plea of true to trespass to a building, which is a lesser included offense of trespass to a habitation, and asserts we should reform the adjudication order "to reflect the manner in which Appellant was found delinquent, criminal trespass of a building."

Juvenile delinquency proceedings are considered "quasi-criminal" in nature, with the Code of Criminal Procedure and the Rules of Evidence pertaining to criminal cases applying in part, and the Rules of Civil Procedure applying in part. TEX. FAM. CODE ANN. § 51.17 (Vernon Supp. 2009); *In re B.L.D.*, 113 S.W.3d 340, 351 (Tex. 2003). Section 51.17(a) of the Texas Family Code provides in relevant part that, except for the burden of proof on the State in adjudicating a child delinquent or in need of supervision, the Texas Rules of Civil Procedure govern juvenile proceedings. TEX. FAM. CODE ANN. § 51.17(a). Under Civil Procedure Rule 65, the State's amended petition alleging

S.J.P. committed criminal trespass to a habitation superceded and replaced the original petition alleging trespass to a building. TEX. R. CIV. P. 65 (providing that an amended pleading substitutes and takes the place of the original pleading). The elements of criminal trespass to a habitation applicable to this case are that: (1) a person, (2) intentionally or knowingly, (3) enters or remains in a habitation, (4) without the effective consent of the owner, (5) having notice that entry was forbidden. TEX. PENAL CODE ANN. § 30.05(a)(1) & (d)(3) (offense is a Class A misdemeanor if committed to a habitation); *see also* TEX. PENAL CODE ANN. § 30.01(1) (Vernon 2003) (defining a "habitation" as a "structure or vehicle that is adapted for the overnight accommodation of persons"). However, S.J.P.'s plea of true as reflected in the written plea papers, as well as during the oral plea colloquy before the court, was to the original allegation of delinquent conduct based on criminal trespass to a building, which is a lesser included offense of trespass to a habitation.[1] At the adjudication hearing, the trial court admonished S.J.P. that the State had alleged he committed criminal trespass to a building, and accepted his plea of true to that allegation. The court continued with the required admonishments and then made a finding that the State's evidence "does support the charge of criminal trespass that I had read to you earlier." After both sides rested and closed on adjudication, the court stated, "I'm going to accept your plea of true to this charge today, . . . and I am going to find you have engaged in delinquent conduct." As noted, the court's written order of adjudication states that S.J.P. engaged in delinquent conduct by committing criminal trespass to a habitation, not to a building.

---

[1] The elements of criminal trespass to a building are that: (1) a person, (2) intentionally or knowingly, (3) enters or remains in a building of another, (4) without the effective consent of the owner, (5) having notice that entry was forbidden. TEX. PENAL CODE ANN. § 30.05(a)(1) & (d)(1). A "building" is defined as "any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament or use." TEX. PENAL CODE ANN. § 30.01(2) (Vernon 2003). Thus, criminal trespass to a building is a lesser included offense of criminal trespass to a habitation. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006).

The record clearly reflects S.J.P.'s intent to enter a plea of true to the lesser included offense of criminal trespass to a building, and the trial court's acceptance of such a plea and finding of delinquent conduct based on criminal trespass to a building, without any objection. *See* TEX. FAM. CODE ANN. § 54.03(f) (Vernon Supp. 2009) (providing a juvenile may be adjudicated as having engaged in conduct constituting a lesser included offense as provided by articles 37.08 and 37.09 of the Code of Criminal Procedure); *Id.* § 54.03(h) (Vernon Supp. 2009) (requiring court to state "which of the allegations in the petition were found to be established by the evidence"). Moreover, it is undisputed that the record contains sufficient evidence supporting the court's finding that S.J.P. committed criminal trespass to a building. *Id.* § 54.03(f) (providing that the court's finding of delinquent conduct must be based on competent evidence admitted at the adjudication hearing). Therefore, the erroneous statement in the adjudication order that S.J.P. committed criminal trespass to a habitation, a Class A misdemeanor, does not affect the validity of the court's judgment because the evidence is sufficient to prove that S.J.P. committed the lesser Class B misdemeanor of criminal trespass to a building. *See In re J.M.*, 287 S.W.3d 481, 491 (Tex. App.—Texarkana 2009, no pet.) (error in written modification order that juvenile violated probation by committing theft punishable by confinement did not affect validity of judgment because evidence was sufficient to show commission of theft punishable by fine only, which still constituted a violation of probation).

An appellate court has the authority to correct, modify, and reform a judgment in a juvenile case to make the record speak the truth when it has the necessary information to do so. *Id.*; *In re K.B.*, 106 S.W.3d 913, 916 (Tex. App.—Dallas 2003, no pet.); *In re J.K.N.*, 115 S.W.3d 166, 174 (Tex. App.—Fort Worth 2003, no pet.). We therefore modify the trial court's adjudication order to correctly reflect the type of delinquent conduct in which the court found S.J.P. engaged, *i.e.*, criminal

trespass to a building. TEX. R. APP. P. 43.2(b); TEX. FAM. CODE ANN. § 56.01(i) (Vernon Supp. 2009) (appellate court may modify the judgment or order in a juvenile court adjudication). The trial court's order of adjudication is affirmed as modified.

### Order of Disposition

As discussed, *supra*, S.J.P. entered a plea of true in the adjudication proceeding; however, there was no plea agreement as to disposition. On appeal, S.J.P. asserts the trial court abused its discretion in entering a disposition order which placed him on probation outside his home. Juvenile courts have broad discretion in determining a suitable disposition for a child adjudicated of engaging in delinquent conduct. *In re K.J.N.*, 103 S.W.3d 465, 465-66 (Tex. App.—San Antonio 2003, no pet.). An appellate court will not reverse a juvenile court's determination of an appropriate disposition unless the court abused its discretion. *Id.*; *In re J.P.*, 136 S.W.3d 629, 633 (Tex. 2004). A juvenile court commits an abuse of discretion only if it acts arbitrarily, unreasonably, or without reference to guiding rules and principles. *In re K.J.N.*, 103 S.W.3d at 466.

Here, the trial court found a need for disposition and ordered S.J.P. placed on probation until his eighteenth birthday outside his home, in the custody of the Chief Juvenile Probation Officer for purposes of long-term residential placement in a suitable foster home or public or private institution, other than the Texas Youth Commission. *See* TEX. FAM. CODE ANN. § 54.04(d)(1)(B) (Vernon Supp. 2009). In making its determination, the court considered the written predisposition report, the written statement by S.J.P.'s mother, and the recommendations by the probation officer, the staffing committee, and the State. The probation officer and staffing committee recommended that S.J.P. be placed on probation until his eighteenth birthday in the custody of his mother. However, his mother's parental statement explained that both she and S.J.P.'s father are very ill and are unable to

adequately supervise S.J.P.; his mother requested placement for S.J.P., stating her belief that it was in his best interest. The State recommended probation outside the home based on the parental statement, as well as S.J.P.'s prior juvenile record, his lack of supervision and long-term absence from school. In deciding to place S.J.P. on probation outside the home, the trial court verbally stated, "The factual reason that I'm ordering you into placement is because at this time I find that you are in need of a very structured and very therapeutic environment in order to be rehabilitated." The court's written order of disposition contains the required statutory findings that it is in S.J.P.'s best interest to be placed outside the home, reasonable efforts were made to prevent the need for removal from the home and make it possible for the child to return home, and in his home the child cannot be provided the quality of care and level of support and supervision that he needs to meet the conditions of probation. *See* TEX. FAM. CODE ANN. § 54.04(i) (Vernon Supp. 2009). The disposition order also includes the following specific reasons for placement of the child outside the home:

> Child in need of a secure and structured environment; followed recommendation of the State; needs treatment for substance abuse; parents have insufficient skills to properly supervise their child; child in need of a therapeutic environment; child is a danger to self or others; child found delinquent in past and may commit new offense; history of runaway; child has the following conduct disorders: depression, A.D.H.D., bipolar D; and past cocaine and marijuana use.

Based on the record and the court's findings, we conclude the court did not abuse its discretion in placing S.J.P. on probation outside the home for purposes of long-term placement. *See In re K.J.N.*, 103 S.W.3d at 466. S.J.P.'s issue challenging his disposition is overruled.

*Conclusion*

Based on the foregoing analysis, we modify the trial court's order of adjudication to reflect that S.J.P. engaged in delinquent conduct by committing the offense of criminal trespass to a building, and affirm the trial court's judgment as modified.

Phylis J. Speedlin, Justice