193 S.W.3d 924 (2006)
In the Matter of D.R., a Child.
No. 05-05-01643-CV.
Court of Appeals of Texas, Dallas.
June 20, 2006.
Tami Jane Seaton, Assistant Public Defender, Dallas, April E. Smith, Mesquite, for Appellant.
William T. (Bill) Hill, Jr., Criminal District Attorney, Dallas, for Appellee.
Before Justices MOSELEY, RICHTER, and FRANCIS.

OPINION
Opinion by Justice FRANCIS.
D.R. appeals the trial court's order modifying disposition and committing him to the Texas Youth Commission. In two issues, appellant contends the trial court abused its discretion in committing him to TYC and he requests modification of the order to correct several clerical errors. After making the appropriate modifications, we affirm the trial court's order.
In his first issue, appellant contends the trial court abused its discretion in committing him to TYC.
The juvenile courts are vested with broad discretion in determining whether to modify the disposition of children found to have engaged in delinquent conduct. In re P.L., 106 S.W.3d 334, 337 (Tex.App.-Dallas 2003, no pet.). In reviewing the trial court's decision, we examine the entire record to determine whether the trial court acted unreasonably or arbitrarily or without reference to any guiding rules or principles. Id. The trial court has *925 discretion to resolve conflicts in the evidence as long as some evidence supports its decision. See J.R.W. v. State, 879 S.W.2d 254, 257 (Tex.App.-Dallas 1994, no writ); In re J.M., 25 S.W.3d 364, 367 (Tex.App.-Fort Worth 2000, no pet.).
The record shows that on June 6, 2005, appellant entered a plea of no contest to being a child engaged in delinquent conduct by committing the offense of robbery. The trial court adjudicated appellant to be a child engaged in delinquent conduct and placed him on probation for one year in his mother's custody. Appellant was placed into detention on September 9, 2005 after testing positive for marijuana. Before his detention, appellant had been living at home and participating in a non-residential drug treatment program as a condition of probation. On September 19, 2005, the State filed a motion to modify disposition alleging that appellant had violated his probation conditions by failing to report to his probation officer and testing positive for illegal drug use.
Appellant's treatment provider discharged him from his drug treatment program and recommended that he receive residential drug treatment. Because appellant violated probation and was discharged before completion from drug treatment, the Dallas County Juvenile Department's Case Planning and Review Committee (CPRC) recommended that appellant be committed to TYC.
Appellant's counsel requested that he be evaluated for substance abuse by an independent organization. The independent evaluator recommended that appellant receive day treatment for substance abuse. Appellant's probation officer, Sandra Banks, then took the new recommendation back to CPRC for a reevaluation of appellant's case. CPRC again recommended that appellant be committed to TYC. At the time of the disposition hearing, appellant had been matched with two residential treatment programs (Medlock and Incentives) and a day program (START).
On November 3, 2005, the trial court conducted a hearing on the State's motion to modify disposition. After appellant entered a plea of true to the State's allegations, the trial court heard testimony from appellant, his mother, and his probation officer. The State admitted into evidence updated predisposition reports from appellant's probation officer, a psychological assessment, and appellant's independent substance abuse evaluation. During the disposition hearing, appellant and his mother asked the trial court to put him into the START program. Appellant's mother explained appellant failed to report because he did not have transportation after her husband suffered a stroke. She testified that appellant tested positive for drugs only once, and she did not believe appellant had used drugs on other occasions. She admitted, however, that appellant had not answered her inquiries about his drug use.
Appellant admitted smoking marijuana once while on community supervision and being absent and tardy to school on many occasions. Appellant testified he behaved well in detention and was rewarded by being placed in the shelter. He understood he would have to work hard in the START program and he was willing to participate in the anger management component of the program. Appellant agreed that he might benefit from counseling about the effect of his stepfather's illness on the family. Appellant admitted that any placement would benefit him. He wanted to enter the START program because, at sixty days duration, it was the shortest program.
Banks related the juvenile department's opinion that reasonable efforts had been *926 made to keep appellant at home, that he could not be provided the quality of care and support and supervision necessary to complete probation at home, and that placement outside the home was in his best interest. Banks told the court TYC would best be able to address appellant's needs for individual, drug and family counseling. Banks further indicated appellant could benefit from "decision making/coping skills" counseling, anger management counseling, the development of independent living skills, and vocational training. Banks testified that appellant could receive independent living skills and vocational training at TYC, but such services were not available at START. Banks admitted that appellant had performed half of his community service.
After the presentation of evidence, the trial court announced its findings as follows:
I do find that there is a need for disposition and, for your protection and the protection of the public, disposition should be made.
I find that all reasonable efforts were made to keep you in your home. Reasonable efforts will be made to return you to your home, when possible and, at this time, placement is in your best interest.
I find that the juvenile cannot be provided the quality of care and level of support and supervision that is needed to meet conditions of probation in the home, and a large part of this is the fact that, when your mom asked you a question, you wouldn't answer it. I want you in the longest program possible, not the shortest.
The trial court then committed appellant to TYC.
Appellant contends the evidence does not support the trial court's findings because his violations of community supervision were relatively minor, he had been accepted into three other drug programs, and there was some evidence presented that the START program was a less-restrictive program that could meet his needs. Appellant points out that he tested positive for marijuana use on only one occasion and only failed to report twice. Appellant points to evidence showing he attained the highest behavior level while in detention, was placed into the shelter due to his good behavior, and had completed half of his community service hours. Thus, appellant contends, the trial court's findings are unsupported by the record.
The record shows that appellant used marijuana and failed to report to his probation officer. The parties presented conflicting evidence regarding whether appellant should be committed to TYC or should remain in the home and receive non-residential drug treatment. The State's evidence showed that the START program appellant preferred met some, but not all, of appellant's needs. We conclude that the trial court's findings are supported by some evidence, and the trial court did not abuse its discretion in committing appellant to TYC. We overrule appellant's first issue.
In his second issue, appellant contends the order modifying disposition should be modified to correct numerous clerical errors. The State agrees to each of appellant's proposed modifications. We have the authority to modify incorrect judgments when the necessary information is available to do so. See TEX.R.APP. P. 43.2(b); Bigley v. State, 865 S.W.2d 26, 27-28 (Tex.Crim.App.1993); Asberry v. State, 813 S.W.2d 526, 529 (Tex.App.-Dallas 1991, pet. ref'd).
We modify the order in the following respects. First, we modify the order to reflect that the Court, rather than counsel, *927 informed appellant and his parent of the right to appeal as required by Section 56.01(e) of the Juvenile Justice Code. Second, we modify the order to reflect that the Court instructed appellant and his parent of the right of appeal as required by Section 56.01(e) rather than Section 54.04(h). Third, we modify the order to reflect that the court considered the reports referred to in Section 54.05(e) rather than Section 54.05(f). Fourth, we modify the order to reflect appellant's commitment to the Texas Youth Commission pursuant to Section 54.05(f) rather than Section 54.04(s). Finally, we modify the order to delete the second occurrence of the following two sentences: (a) "The Court further finds that a material and substantial change in the circumstances necessitates a modification of the disposition and such is in the best interest of the Respondent Child;" and (b) "The Court further finds that all reasonable efforts have been made to prevent or eliminate the need for the child's removal from the home and make it possible for the child to return to the home."
As modified, we affirm the trial court's order modifying disposition.