251 S.W.3d 212 (2008)
In the Matter of T.P., A Juvenile.
No. 05-07-00987-CV.
Court of Appeals of Texas, Dallas.
April 14, 2008.
*213 April E. Smith, Mesquite, for Appellant.
Craig M. Watkins, Joe C. Lockhart, Asst. Dist. Atty., Dallas, for Appellee.
Before Justices WHITTINGTON, RICHTER, and MAZZANT.

OPINION
Opinion by Justice WHITTINGTON.
T.P., a juvenile, appeals an order modifying disposition with Texas Youth Commission *214 (TYC) commitment for a period of three years with a possible transfer to the Texas Department of Criminal Justice  Institutional Division. In two issues, appellant contends the trial judge abused his discretion in committing appellant to the TYC and the order modifying disposition should be reformed to correct certain errors. In its response, the State asserts the trial judge did not abuse his discretion in committing appellant to the TYC but concedes the order modifying disposition should be reformed to correct the errors noted by appellant. We modify the order and, as modified, we affirm.
The juvenile courts are vested with broad discretion in determining whether to modify the disposition of juveniles found to have engaged in delinquent conduct. In re D.R., 193 S.W.3d 924, 924 (Tex.App.-Dallas 2006, no pet.); In re P.L., 106 S.W.3d 334, 337 (Tex.App.-Dallas 2003, no pet.). In reviewing the trial judge's decision, we examine the entire record to determine whether the trial judge acted unreasonably or arbitrarily or without reference to any guiding rules or principles. In re K.B., 106 S.W.3d 913, 915 (Tex.App.-Dallas 2003, no pet.); see In re D.R., 193 S.W.3d at 924. The trial judge has discretion to resolve conflicts in the evidence as long as some evidence supports his decision. In re D.R., 193 S.W.3d at 924-25 (citing J.R.W. v. State, 879 S.W.2d 254, 257 (Tex.App.-Dallas 1994, no writ) and In re J.M., 25 S.W.3d 364, 367 (Tex.App.-Fort Worth 2000, no pet.)).
Section 54.05(f) of the family code provides as follows:
Except as provided by Subsection (j), a disposition based on a finding that the child engaged in delinquent conduct that violates a penal law of this state or the United States of the grade of felony may be modified so as to commit the child to the Texas Youth Commission if the court after a hearing to modify disposition finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court. A disposition based on a finding that the child engaged in habitual felony conduct as described by Section 51.031 or in delinquent conduct that included a violation of a penal law listed in Section 53.045(a) may be modified to commit the child to the Texas Youth Commission with a possible transfer to the Texas Department of Criminal Justice for a definite term prescribed by Section 54.04(d)(3) if the original petition was approved by the grand jury under Section 53.045 and if after a hearing to modify the disposition the court finds that the child violated a reasonable and lawful order of the court.
TEX. FAM.CODE ANN. § 54.05(f) (Vernon Supp.2007). Thus, a modification order may provide for commitment to the TYC if the original disposition was for conduct constituting a felony or multiple misdemeanors and the trial judge finds the child violated a reasonable and lawful order of the court. In re J.P., 136 S.W.3d 629, 631 (Tex.2004).
In this case, appellant pleaded true to the allegations he violated the conditions of probation by (i) "engaging in conduct which caused him to be discharged unsatisfactorily from his ordered placement," and (ii) "failing to obey all the rules of his placement, to wit: [Lyle B. Medlock Residential Facility]." Thus, the trial judge was authorized to commit him to the TYC. See In re C.S., 198 S.W.3d 855, 857 (Tex. App.-Dallas 2006, no pet.); In re K.B., 106 S.W.3d at 915.
The evidence at the hearing included testimony from T.P.'s probation officer and predisposition reports and updates detailing appellant's history. While on probation *215 for criminal mischief and aggravated assault with a deadly weapon, appellant was placed in the Lyle B. Medlock Residential Facility. Two of appellant's terms and conditions of probation were that he (i) obtain and obey all rules and regulations of Medlock and (ii) remain at Medlock until he was satisfactorily released or discharged. According to the predisposition reports and updates, appellant initially made some progress while in treatment and advanced to Phase Three, the Junior Phase of the program. Nevertheless, his progress took approximately four months and resulted in appellant being five weeks behind "the schedule in which the treatment program is designed." Despite his progress, appellant began to deteriorate, struggling with facility rules the "entire time he has been in placement." Appellant was scheduled for promotion to the Senior Phase in August 2006 when it was discovered he did not meet the minimum standards to be promoted. At that point, appellant began to have behavioral issues that resulted in "repeated minor rule violations." These in turn made appellant ineligible to be promoted.
Appellant was given two weeks to provide him the opportunity to demonstrate he was capable of the behavior required for Senior promotion. During that time, he received an incident report and was removed from class for disruption. Appellant was then placed on a "behavioral contract" and demoted to the Sophomore Phase. Although the contract specified what behavior was necessary for appellant to be promoted back to the Junior Phase, he violated the contract several times before it expired on October 5, 2006.
Although appellant was given an additional two weeks to stabilize his behavior and comply with the terms of his behavioral contract, he continued to violate the contract. He was involved in "an elaborate joke on staff" alleging that another resident had been hitting him and taking his food. An investigation determined the allegations were false which resulted in a major rule violation, bringing the total to five major rule violations while in placement. At that point, appellant was unsuccessfully discharged from Medlock.
In addition, Mario Love, a probation officer, testified appellant is currently on detention in the restricted activity program due to his negative behavior. According to Love, appellant was "not doing well in detention." Love testified that although appellant had been accepted at the less restrictive Pegasus Freedom program, the department recommended appellant be assigned to the care, custody, and control of the TYC.
In contrast, appellant testified he thought he was doing well in Medlock although he conceded he had been involved in the prank that got him unsuccessfully discharged. Appellant's mother testified appellant had been in the court system for the past two years and she would like him to come home. She believed he was "carrying on like this" because he was not at home.
The record, including some of the evidence detailed above, supports the trial judge's finding that the TYC was a suitable disposition for appellant. In light of this, we cannot conclude the trial judge abused his discretion in committing appellant to the TYC. We overrule appellant's first issue.
In his second issue, appellant claims the April 19, 2007 order modifying disposition with the TYC commitment contains numerous clerical errors. The State agrees to each of appellant's proposed modifications. We have the authority to modify incorrect judgments when we have the necessary information to do so. In re *216 D.R., 193 S.W.3d at 926 (citing TEX.R.APP. P. 43.2(b); Bigley v. State, 865 S.W.2d 26, 27-28 (Tex.Crim.App. 1993); Asberry v. State, 813 S.W.2d 526, 529 (Tex.App.-Dallas 1991, pet. ref'd)). Therefore, we sustain appellant's second issue and modify the April 19, 2007 order in the following respects.
(i) In the second paragraph, following "The Court made the following findings and issued the following ORDERS:" we modify the order to delete the sentence "Prior to swearing in the witnesses, the warnings pursuant to Section 54.03(b) of the Juvenile Justice Code were given to the Respondent Child."
(ii) We modify the order to reflect the proper date of the petition as November 10, 2005, rather than December 5, 2005.
(iii) We modify the order to delete both instances of the sentence "The Court further finds that a material and substantial change of circumstances necessitates a modification of the Disposition and such is in the best interest of the Respondent Child" located at the bottom of the first page of the order and again in the second paragraph of the second page of the order.
(iv) We modify the order to delete the second occurrence of the following sentence in paragraph four on the second page: "The Court further finds that all reasonable efforts have been made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to the home."
(v) We modify the sixth paragraph of the second page to reflect the trial court instructed appellant and his parent of the right to appeal as required by Section 56.01(e) of the Juvenile Justice Code.
(vi) We modify the eighth paragraph of the second page to reflect appellant is eligible for a commitment to the Texas Youth Commission pursuant to Section 54.05(f) rather than Section 54.04(f) of the Juvenile Justice Code.
(vii) We modify the final sentence of the order to reflect that the Court instructed appellant and his parent of the right of appeal as required by Section 56.01(e) rather than Section 54.04(h).
As modified, we affirm the trial court's April 19, 2007 order modifying disposition.