Opinion filed July 15,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00100-CV

                                                    __________

 

                        IN
THE MATTER OF W.C.M., A JUVENILE

 



 

                                  On
Appeal from the 323rd District Court

 

                                                          Tarrant
County, Texas

 

                                              Trial Court
Cause No. 323-81831J-05

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

             
In a single issue, W.C.M., a juvenile, challenges the trial court’s judgment
modifying disposition and committing him to the Texas Youth Commission (TYC).  He
contends that the trial court abused its discretion by committing him to TYC
rather than keeping him on probation.  We affirm.

Background
Facts

On December 2, 2005, appellant stipulated in open court to an allegation that he
committed aggravated assault with a deadly weapon on October 13, 2005, by
intentionally or knowingly causing serious bodily injury by stabbing his father
with a knife.  Based upon appellant’s stipulation, the juvenile court found
that he engaged in delinquent conduct by committing a felony.  The juvenile
court additionally noted that the State’s petition had previously been approved
by the grand jury under Tex. Fam. Code
Ann. § 53.045(a) (Vernon 2008) and that appellant’s delinquent conduct
constituted a violation of a penal law listed under that section.

The
juvenile court conducted a determinate sentence disposition hearing on January 18,
2006.  The parties announced to the court at the hearing that they had reached
a plea agreement for a six-year determinate sentence probated for six years.[1] 
The juvenile court accepted the parties’ plea agreement by placing appellant on
probation for a term of six years in his mother’s custody.  The conditions of appellant’s
probation included not violating any laws of the State of Texas; attending
school daily; reporting to his community supervision officer; obeying curfew;
and not associating with negative peers.  The terms of his probation specified
that he was not to use or possess alcohol, marihuana, inhalants, or any other
illegal substance.

The
State filed a motion to modify disposition on February 1, 2008.  The State
alleged in the motion that appellant violated a term of his probation by
committing the offense of possession of marihuana.  The State asked the
juvenile court to modify its previous disposition by committing appellant to
TYC.

The
trial court conducted a hearing on the motion to modify disposition on February
15, 2008.  Appellant stipulated at the hearing that he possessed marihuana on
January 23, 2008, in violation of the terms of his probation.  Based upon
appellant’s stipulation, the juvenile court found that he engaged in delinquent
conduct as alleged in the motion to modify disposition and that he violated the
terms of his probation.  The juvenile court then proceeded with an adjudication
hearing.  Kelton Young, appellant’s probation officer, testified that appellant
had previously completed a residential substance abuse program but that appellant
did not attend an outpatient substance abuse program on a consistent basis.  Young
further testified that appellant had consistently tested positive for drugs and
that he tested positive for marihuana when he was detained on the marihuana
possession charge.  Young further testified that appellant had not successfully
completed a family preservation program that had been required by the court
when appellant was placed on probation.  On cross-examination, Young testified
that the residential substance abuse treatment program was a private placement
paid for with the family’s insurance. He also testified that appellant’s family
was very supportive and that he had a strong network in place to support him in
probation.

Appellant’s
mother testified that he was “a good kid” who suffered from depression.   She
believed that appellant was “self-medicating” his condition by using marihuana. 
Appellant’s mother stated that appellant was not able to complete a residential
substance abuse program at Sundown Ranch because of a problem with her
insurance.  On cross-examination, appellant’s mother acknowledged that he did
not have a good attendance record at school and that he did not do well in
outpatient substance abuse programs.

At
the conclusion of the disposition hearing, the juvenile court informed
appellant that he was fortunate to have been placed on probation at the outset
because of the severity of his initial delinquent conduct (aggravated assault
with a deadly weapon).  The court then referred to the opinion of the probation
officer that the officer could continue working with the family in support of
appellant’s probation.  Accordingly, the juvenile court continued the
disposition proceeding so that a “resource staffing” study could be completed
in order to determine what programs might be available in the community for
continuing appellant’s probation.

The
juvenile court conducted a subsequent hearing on the disposition motion on
April 3, 2008.  During the course of this brief hearing, Young testified that appellant
had used marihuana since the last hearing while he was visiting at his father’s
house.  Appellant’s mother testified that she had located an inpatient drug
treatment facility in Belton named Cedar Oaks that would admit appellant.  At
the conclusion of the hearing, the juvenile court continued the disposition
hearing pending appellant’s successful completion of the program offered by the
Cedar Oaks treatment facility.

The
next disposition hearing did not occur until February 6, 2009.  Young testified
that appellant entered the Cedar Oaks treatment facility on July 10, 2008, and
that he remained there for approximately one and one-half weeks.[2] 
Appellant subsequently entered another treatment facility known as “Phoenix
House” on August 13, 2008.  Appellant remained at Phoenix House until November
27, 2008, when he did not return to the facility after an eight-hour leave for
the Thanksgiving holiday.  Young testified that appellant continued to use
drugs after leaving Phoenix House and that he had not participated in any
outpatient drug treatment or attended school since leaving Phoenix House.  Young
further testified that appellant tested positive for marihuana use on the day
preceding the February 6, 2009 hearing.

On
cross-examination, Young testified that appellant’s mother had reported to him
that she had been home-schooling appellant.  Young acknowledged that appellant
had been taking the medication prescribed by his psychiatrist and that he had
not committed any assaultive offenses while on probation.  Young also
acknowledged that appellant’s delay in being placed in the treatment facility
ordered by the court and his short stay there were attributable to insurance
problems.  Lastly, Young testified that he did not believe it would be in
either appellant’s or society’s best interest for him to be committed to TYC.  On
redirect, Young testified that Phoenix House would have readmitted appellant if
he had taken the initiative of seeking readmission.

Appellant’s
mother testified that, because of insurance coverage problems, appellant did
not intentionally violate the court’s order on April 3, 2008, to be admitted to
the Cedar Oaks treatment facility.  With respect to appellant’s failure to
return to Phoenix House, appellant’s mother testified that he did not return
because his grandmother was gravely ill.  She further testified that he had
returned to Phoenix House for inpatient treatment on the day prior to the
hearing.

Appellant
also testified at the February 6, 2009 hearing.  He testified that he left Phoenix
House in November 2008 because his grandmother was dying and he wanted to spend
her last days with her.  He acknowledged that he had a marihuana problem and
that he was willing to go back to Phoenix House for treatment.  He also
acknowledged that he had used marihuana while at his mother’s house in addition
to using it at his father’s house.  In this regard, appellant admitted to using
marihuana at his mother’s house approximately one and one-half weeks prior to
the hearing.

At
the conclusion of the final disposition hearing, the juvenile court reminded appellant
that it had initially delayed making a final ruling on the motion to modify
disposition in order for the resource staffing study to be completed.  The
court also reminded appellant that it entered a subsequent order for him to be
placed in an inpatient drug treatment facility but that appellant had failed to
comply with that order.  The court further noted that appellant was not
attending school and that he was continuing to use drugs.  The court concluded
the hearing with the following pronouncement:  

            So
now I am here with two choices here:   I can continue you on probation, allow
you to go into the adult criminal justice system [because of appellant’s
impending eighteenth birthday] where you’ll be sent directly to prison for a
violation of your terms and conditions of probation, or I can send you to the
Texas Youth Commission in the hope that you’ll receive rehabilitative services
to turn your life around so you will not end up in prison.  

            And
that’s my choice today.  I’m going to send you to the Texas Youth Commission
for a period of six years with a possible transfer to the Institutional
Division of the Texas Department of Criminal Justice.

Abuse
of Discretion

Juvenile courts are vested with broad discretion in determining whether to modify the
disposition of juveniles found to have engaged in delinquent conduct.  See
In re D.R., 193 S.W.3d 924, 924 (Tex. App.—Dallas 2006, no pet.); In re
P.L., 106 S.W.3d 334, 337 (Tex. App.—Dallas 2003, no pet.).  In reviewing
the trial court’s decision, we examine the entire record to determine whether
the trial court acted unreasonably or arbitrarily or without reference to any
guiding rules or principles.  See In re D.R., 193 S.W.3d at 924; In
re K.B., 106 S.W.3d 913, 915 (Tex. App.—Dallas 2003, no pet.).  Under the authority of Tex. Fam. Code Ann. § 54.05(f)
(Vernon 2008), a modification order may provide for commitment to TYC if the
original disposition was for conduct constituting a felony and the trial court
finds the child violated a reasonable and lawful order of the court.  See In
re J.P., 136 S.W.3d 629, 631 (Tex. 2004).

Appellant
asserts in his sole issue that the juvenile court abused its discretion in
committing him to TYC because his failure to comply with the terms and
conditions of probation were “beyond his control.”  In this regard, he argues
that his failure to complete the inpatient program at the Cedar Oaks facility
was due to insurance coverage problems and that his departure from Phoenix
House was attributable to a family illness.

We
conclude that the juvenile court did not abuse its discretion in committing
appellant to TYC.  The court’s decision to commit appellant to TYC was
certainly not hastily made because the court conducted three disposition
hearings over the course of approximately one year.  During the pendency of
these proceedings, the juvenile court afforded appellant the opportunity to
avoid commitment to TYC by completing programs to deal with his marihuana
problem.  However, appellant continued to use marihuana during this entire
period, including using it within two weeks of the final disposition hearing. 
Appellant’s continued use of marihuana was a matter within his control.  The
fact that he continued to use marihuana while in the custody of his parents indicated
that a removal from his home setting was appropriate.  Appellant’s sole issue
is overruled.

This
Court’s Ruling

             The
judgment of the juvenile court is affirmed.

            

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

July 15, 2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]In announcing the terms of the plea agreement to the
juvenile court, the State’s attorney indicated that appellant would be
twenty-one years old when the six-year term of probation would end.





                [2]Young attributed the delay from the juvenile court’s
order on April 3, 2008, until July 10, 2008, on appellant’s mother’s attempt to
obtain dental treatment for appellant.