**Opinion filed July 15, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00100-CV

_____

## IN THE MATTER OF W.C.M., A JUVENILE

**On Appeal from the 323rd District Court**

**Tarrant County, Texas**

**Trial Court Cause No. 323-81831J-05**

## M E M O R A N D U M   O P I N I O N

In a single issue, W.C.M., a juvenile, challenges the trial court's judgment modifying disposition and committing him to the Texas Youth Commission (TYC). He contends that the trial court abused its discretion by committing him to TYC rather than keeping him on probation. We affirm.

### Background Facts

On December 2, 2005, appellant stipulated in open court to an allegation that he committed aggravated assault with a deadly weapon on October 13, 2005, by intentionally or knowingly causing serious bodily injury by stabbing his father with a knife. Based upon appellant's stipulation, the juvenile court found that he engaged in delinquent conduct by

committing a felony. The juvenile court additionally noted that the State's petition had previously been approved by the grand jury under TEX. FAM. CODE ANN. § 53.045(a) (Vernon 2008) and that appellant's delinquent conduct constituted a violation of a penal law listed under that section.

The juvenile court conducted a determinate sentence disposition hearing on January 18, 2006. The parties announced to the court at the hearing that they had reached a plea agreement for a six-year determinate sentence probated for six years.[1] The juvenile court accepted the parties' plea agreement by placing appellant on probation for a term of six years in his mother's custody. The conditions of appellant's probation included not violating any laws of the State of Texas; attending school daily; reporting to his community supervision officer; obeying curfew; and not associating with negative peers. The terms of his probation specified that he was not to use or possess alcohol, marihuana, inhalants, or any other illegal substance.

The State filed a motion to modify disposition on February 1, 2008. The State alleged in the motion that appellant violated a term of his probation by committing the offense of possession of marihuana. The State asked the juvenile court to modify its previous disposition by committing appellant to TYC.

The trial court conducted a hearing on the motion to modify disposition on February 15, 2008. Appellant stipulated at the hearing that he possessed marihuana on January 23, 2008, in violation of the terms of his probation. Based upon appellant's stipulation, the juvenile court found that he engaged in delinquent conduct as alleged in the motion to modify disposition and that he violated the terms of his probation. The juvenile court then proceeded with an adjudication hearing. Kelton Young, appellant's probation officer, testified that appellant had previously completed a residential substance abuse program but that appellant did not attend an outpatient substance abuse program on a consistent basis. Young further testified that appellant had consistently tested positive for drugs and that he tested positive for marihuana when he was detained on the marihuana possession charge. Young further testified that appellant had not successfully completed a family preservation program that had been required by the court when appellant was placed on probation. On cross-examination, Young testified that the residential substance abuse treatment program was a private placement paid for with the family's insurance.

---

[1]In announcing the terms of the plea agreement to the juvenile court, the State's attorney indicated that appellant would be twenty-one years old when the six-year term of probation would end.

He also testified that appellant's family was very supportive and that he had a strong network in place to support him in probation.

Appellant's mother testified that he was "a good kid" who suffered from depression. She believed that appellant was "self-medicating" his condition by using marihuana. Appellant's mother stated that appellant was not able to complete a residential substance abuse program at Sundown Ranch because of a problem with her insurance. On cross-examination, appellant's mother acknowledged that he did not have a good attendance record at school and that he did not do well in outpatient substance abuse programs.

At the conclusion of the disposition hearing, the juvenile court informed appellant that he was fortunate to have been placed on probation at the outset because of the severity of his initial delinquent conduct (aggravated assault with a deadly weapon). The court then referred to the opinion of the probation officer that the officer could continue working with the family in support of appellant's probation. Accordingly, the juvenile court continued the disposition proceeding so that a "resource staffing" study could be completed in order to determine what programs might be available in the community for continuing appellant's probation.

The juvenile court conducted a subsequent hearing on the disposition motion on April 3, 2008. During the course of this brief hearing, Young testified that appellant had used marihuana since the last hearing while he was visiting at his father's house. Appellant's mother testified that she had located an inpatient drug treatment facility in Belton named Cedar Oaks that would admit appellant. At the conclusion of the hearing, the juvenile court continued the disposition hearing pending appellant's successful completion of the program offered by the Cedar Oaks treatment facility.

The next disposition hearing did not occur until February 6, 2009. Young testified that appellant entered the Cedar Oaks treatment facility on July 10, 2008, and that he remained there for approximately one and one-half weeks.[2] Appellant subsequently entered another treatment facility known as "Phoenix House" on August 13, 2008. Appellant remained at Phoenix House until November 27, 2008, when he did not return to the facility after an eight-hour leave for the Thanksgiving holiday. Young testified that appellant continued to use drugs after leaving Phoenix House and that he had not participated in any outpatient drug treatment or attended

_____

[2]Young attributed the delay from the juvenile court's order on April 3, 2008, until July 10, 2008, on appellant's mother's attempt to obtain dental treatment for appellant.

school since leaving Phoenix House. Young further testified that appellant tested positive for marihuana use on the day preceding the February 6, 2009 hearing.

On cross-examination, Young testified that appellant's mother had reported to him that she had been home-schooling appellant. Young acknowledged that appellant had been taking the medication prescribed by his psychiatrist and that he had not committed any assaultive offenses while on probation. Young also acknowledged that appellant's delay in being placed in the treatment facility ordered by the court and his short stay there were attributable to insurance problems. Lastly, Young testified that he did not believe it would be in either appellant's or society's best interest for him to be committed to TYC. On redirect, Young testified that Phoenix House would have readmitted appellant if he had taken the initiative of seeking readmission.

Appellant's mother testified that, because of insurance coverage problems, appellant did not intentionally violate the court's order on April 3, 2008, to be admitted to the Cedar Oaks treatment facility. With respect to appellant's failure to return to Phoenix House, appellant's mother testified that he did not return because his grandmother was gravely ill. She further testified that he had returned to Phoenix House for inpatient treatment on the day prior to the hearing.

Appellant also testified at the February 6, 2009 hearing. He testified that he left Phoenix House in November 2008 because his grandmother was dying and he wanted to spend her last days with her. He acknowledged that he had a marihuana problem and that he was willing to go back to Phoenix House for treatment. He also acknowledged that he had used marihuana while at his mother's house in addition to using it at his father's house. In this regard, appellant admitted to using marihuana at his mother's house approximately one and one-half weeks prior to the hearing.

At the conclusion of the final disposition hearing, the juvenile court reminded appellant that it had initially delayed making a final ruling on the motion to modify disposition in order for the resource staffing study to be completed. The court also reminded appellant that it entered a subsequent order for him to be placed in an inpatient drug treatment facility but that appellant had failed to comply with that order. The court further noted that appellant was not attending

4

school and that he was continuing to use drugs. The court concluded the hearing with the following pronouncement:

> So now I am here with two choices here: I can continue you on probation, allow you to go into the adult criminal justice system [because of appellant's impending eighteenth birthday] where you'll be sent directly to prison for a violation of your terms and conditions of probation, or I can send you to the Texas Youth Commission in the hope that you'll receive rehabilitative services to turn your life around so you will not end up in prison.

> And that's my choice today. I'm going to send you to the Texas Youth Commission for a period of six years with a possible transfer to the Institutional Division of the Texas Department of Criminal Justice.

### *Abuse of Discretion*

Juvenile courts are vested with broad discretion in determining whether to modify the disposition of juveniles found to have engaged in delinquent conduct. *See In re D.R.*, 193 S.W.3d 924, 924 (Tex. App.—Dallas 2006, no pet.); *In re P.L.*, 106 S.W.3d 334, 337 (Tex. App.—Dallas 2003, no pet.). In reviewing the trial court's decision, we examine the entire record to determine whether the trial court acted unreasonably or arbitrarily or without reference to any guiding rules or principles. *See In re D.R.*, 193 S.W.3d at 924; *In re K.B.*, 106 S.W.3d 913, 915 (Tex. App.—Dallas 2003, no pet.). Under the authority of TEX. FAM. CODE ANN. § 54.05(f) (Vernon 2008), a modification order may provide for commitment to TYC if the original disposition was for conduct constituting a felony and the trial court finds the child violated a reasonable and lawful order of the court. *See In re J.P.*, 136 S.W.3d 629, 631 (Tex. 2004).

Appellant asserts in his sole issue that the juvenile court abused its discretion in committing him to TYC because his failure to comply with the terms and conditions of probation were "beyond his control." In this regard, he argues that his failure to complete the inpatient program at the Cedar Oaks facility was due to insurance coverage problems and that his departure from Phoenix House was attributable to a family illness.

We conclude that the juvenile court did not abuse its discretion in committing appellant to TYC. The court's decision to commit appellant to TYC was certainly not hastily made because the court conducted three disposition hearings over the course of approximately one year. During the pendency of these proceedings, the juvenile court afforded appellant the

opportunity to avoid commitment to TYC by completing programs to deal with his marihuana problem. However, appellant continued to use marihuana during this entire period, including using it within two weeks of the final disposition hearing. Appellant's continued use of marihuana was a matter within his control. The fact that he continued to use marihuana while in the custody of his parents indicated that a removal from his home setting was appropriate. Appellant's sole issue is overruled.

*This Court's Ruling*

The judgment of the juvenile court is affirmed.


TERRY McCALL

JUSTICE


July 15, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

6