

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00417-CV

Cynthia **DUPNIK**,
Appellant

v.

Hermina **HERMIS**,
Appellee

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 11-11-00269
Honorable Donna S. Rayes, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  March 13, 2013

AFFIRMED AS MODIFIED

Cynthia Dupnik appeals the trial court's denial of her motion for summary judgment and the grant of Hermina Hermis's motion for summary judgment, which declared that Hermis owned title to the mineral interest in land conveyed by Hermis to Dupnik in 1998.  Specifically, Dupnik asserts that the 1998 deed was ambiguous and the trial court erred by not considering the circumstances surrounding the conveyance in determining the intention of the parties.  Hermis responds that the deed unambiguously grants Dupnik the surface estate only, and that the suit is barred by the statute of frauds and the statute of limitations.

**BACKGROUND**

Marcine Dupnik, Hermina Hermis, Emma Dunaubauer, and M.E. Syring each owned an undivided one-fourth interest in both the surface and the minerals of an approximately one-hundred acre tract in Karnes County, Texas. In 1983, these individuals agreed to partition the surface estate into four equal parts (24.68 acres each), but each maintained an undivided one-fourth mineral interest in the entire one-hundred acre tract.

On February 19, 1991, Hermis deeded to Dupnik and her husband one acre out of Hermis's partitioned 24.68 acres (the "1991 deed"). Both parties agree the 1991 deed conveyed both the surface and Hermis's undivided one-fourth mineral interest in the acre.

On October 28, 1994, Hermis deeded to Dupnik and her husband five acres out of Hermis's partitioned 24.68 acres (the "1994 deed"). The five acres conveyed in the 1994 deed included the one acre conveyed in the 1991 deed, and, again, both parties agree the 1994 deed conveyed both the surface and Hermis's undivided one-fourth mineral interest in all five acres.

On August 27, 1998, Hermis and Dupnik again engaged in a conveyance of Hermis's property in Karnes County. The deed resulting from this conveyance is the subject of this suit and will be referred to as the "1998 deed." The relevant portion of the 1998 deed recites the following:

> PROPERTY (including any improvements)
> 24.68 acres out of the E. Seguin Survey, Karnes County, Texas, and fully
> described in Exhibit A.

> RESERVATIONS from and Exceptions to Conveyance and Warranty:
> None

Exhibit A titles the property described as "Tract No. Two: (the surface only)" and then gives the metes and bounds description for Hermis's tract from the 1983 partition deed. On November 2, 2011, over thirteen years after the 1998 deed was signed, Dupnik filed suit against

Hermis requesting the trial court to declare Dupnik the owner of the undivided one-fourth mineral interest in the entire one-hundred acre tract. Hermis filed an answer, a counterclaim for trespass to try title, and a motion for summary judgment alleging that the suit was barred by the statute of frauds and the statute of limitations, and because the grant of the surface estate only reserved title to the mineral estate as a matter of law. Dupnik also filed a cross-motion for summary judgment essentially asserting that the "surface only" language was erroneously entered in the description because the property description was merely copied and pasted from the 1983 partition deed. Dupnik alleged the parties' true intent could be ascertained from the previous conveyances (the 1991 and 1994 deeds) and contracts for sale between the parties. Finding no genuine issue of material fact, the trial court granted Hermis's motion for summary judgment, determining Hermis was entitled to judgment in her favor as a matter of law, and denied Dupnik's motion for summary judgment.

On appeal, Dupnik claims the trial court erred in granting Hermis's motion for summary judgment because there is a patent internal conflict within the 1998 deed, and the trial court erred in failing to consider the prior conveyances between the parties and the contract for sale for the 1998 deed. Specifically, Dupnik complains the grant of the surface estate only and the reservation of "none" are irreconcilable because a grantor must specifically reserve any rights associated with the mineral estate. Dupnik also asserts that because she filed a verified affidavit in support of her motion for summary judgment and Hermis did not, the trial court erred in granting summary judgment in Hermis' favor because Dupnik's verified pleading carried more weight. Lastly, Dupnik complains that the summary judgment entered by the trial court does not conform to the pleadings and grants relief not requested by Hermis. Hermis, in addition to contesting Dupnik's arguments, asserts that Dupnik's claim is barred by the statute of frauds and the statute of limitations.

## STANDARD OF REVIEW

We review a trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *Longoria v. Lasater*, 292 S.W.3d 156, 162 (Tex. App.—San Antonio 2009, pet. denied). A party should be granted summary judgment only if it proves all elements of its cause of action or affirmative defense. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001); *see also TIG Ins. Co. v. San Antonio YMCA*, 172 S.W.3d 652, 655–56 (Tex. App.—San Antonio 2005, no pet.). When both parties file motions for summary judgment and the trial court grants one motion and denies the other, the reviewing court must consider the evidence presented by both parties and determine all questions presented to the trial court. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000); *TIG Ins. Co.*, 172 S.W.3d at 655–56. It is the duty of a reviewing court to "render the judgment that the trial court should have rendered." *Wolf*, 44 S.W.3d at 566; *see also FM Props. Operating Co.*, 22 S.W.3d at 872–73.

## STATUTE OF LIMITATIONS

Hermis contends Dupnik's suit is barred by the four-year statute of limitations. In response, Dupnik first argues that a court always "has an inherent right to properly interpret instruments." Dupnik, however, cites no authority, and we can find none, supporting the proposition that courts retain an inherent right to litigate title disputes after the statute of limitations expires. Dupnik next argues that even if the statute of limitations applies, the discovery rule deferred the accrual of limitations in this case.

### A. Applicable Statute of Limitations

This is a trespass to try title suit where the parties are seeking interpretation of a deed. *See Longoria*, 292 S.W.3d at 165 ("A suit to resolve a dispute over title to land is, in effect, a trespass to try title action regardless of the form the action takes and whether legal or equitable

relief is sought."). To determine the applicable statute of limitations in a trespass to try title suit where parties dispute the title conveyed, we must determine whether the deed is void or voidable.[1] *Slaughter v. Qualls*, 162 S.W.2d 671, 674 (Tex. 1942); *Garcia v. Garza*, 311 S.W.3d 28, 42 (Tex. App.—San Antonio 2010, pet. denied).

If the deed is void, the cause of action will not be barred by the statute of limitations. *Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007); *Garcia*, 311 S.W.3d at 42. A deed is void if it is "without vitality or legal effect." *Slaughter*, 162 S.W.2d at 674 (quoting *Smith v. Thornhill*, 25 S.W.2d 597, 600 (Tex. Comm'n App. 1926)) (internal quotation marks omitted). Conversely, if a deed is merely voidable, the four-year statute of limitations will apply to the suit. *Ford*, 235 S.W.3d at 618; *Garcia*, 311 S.W.3d at 42. A deed is voidable if it "operates to accomplish the thing sought to be accomplished, until the fatal vice in the transaction has been judicially ascertained or declared." *Slaughter*, 162 S.W.2d at 674 (quoting *Smith*, 25 S.W.2d at 600) (internal quotation marks omitted).

If an instrument is legally effective when suit is brought and at least one party's claim to title requires the court to exercise its equitable powers before title can be determined, the instrument is not in and of itself void. *Pure Oil Co v. Ross*, 111 S.W.2d 1076, 1078 (Tex. 1938); *Neill v. Pure Oil Co.*, 101 S.W.2d 402, 404 (Tex. Civ. App.—Dallas 1937, writ ref'd). In *Ford v. Exxon Mobil Chemical Co.*, the Texas Supreme Court rejected the appellate court's conclusion that an equitable action to quiet title is not subject to the statute of limitations. 235 S.W.3d at 618. The supreme court explained that "an equitable action to remove cloud on title is not subject to limitations if a deed is void or has expired by its own terms." *Id.* However, a party

---

[1] This appears to be the correct approach in all cases where the title dispute originates from a conveyance (as opposed to adverse possession), despite its characterization as a suit for trespass to try title, a suit to quiet title, or a suit to remove cloud on title. *See Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007) (approving of this approach for suits to quiet title/remove cloud on title); *Slaughter v. Qualls*, 162 S.W.2d 671, 674 (Tex. 1942) (applying this standard in a trespass to try title suit).

may not attack a facially valid, and thus voidable, deed merely by pleading in equity. *Id.* at 619. "When a deed is merely voidable, equity will not intervene as the claimant has an adequate legal remedy." *Id.* at 618.

The 1998 deed at issue in this case was legally effective when signed because it validly granted Dupnik the surface estate. The term "none" used in the reservation clause does not in and of itself render the deed invalid because it can be read as simply reserving no rights to the substances belonging to the surface estate owner. *See Moser v. U.S. Steel Corp.*, 676 S.W.2d 99, 102 (Tex. 1984) (listing substances that belong to the surface estate as a matter of law); *Poag v. Flories*, 317 S.W.3d 820, 827 (Tex. App.—Fort Worth 2010, pet. denied) (indicating that a conveyance of the "surface estate only" provides the grantee notice that he owns only the surface estate). Therefore, the deed in this case is voidable because it is facially effective and any ambiguity or error would be found only after a court looked behind the instrument to determine the intention of the parties.

## B. Discovery Rule

In response to Hermis's assertion that Dupnik's cause of action is barred by the statute of limitations, Dupnik claims the discovery rule prevents limitations from barring this suit. Dupnik has likely waived the ability to assert the discovery rule in avoidance of the statute of limitations. If this rule is not pleaded in an original, amended, or supplemental petition and the party does not secure findings on its applicability, the claim is waived. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex. 1988); *Morriss v. Enron Oil & Gas Co.*, 948 S.W.2d 858, 868 (Tex. App.—San Antonio 1997, no writ). Even if the claim was not waived, it would fail on its merits.

As a general rule, a cause of action accrues when the legal injury occurs, regardless of when the legal injury is discovered or when all of the resulting damages occur. *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996). Some cases, however, present an exception to this rule that defers

accrual of limitations until the plaintiff "knew or through the exercise of diligence should have known of the wrongful act and resulting injury." *Id.* (citing *Trinity River Auth. v. URS Consultants, Inc.*, 889 S.W.2d 259, 262 (Tex. 1994)). This exception is also known as the "discovery rule." *Id.* at 6. The discovery rule provides relief to wronged parties when "the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." *Id.* (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996)) (internal quotation marks omitted). Despite the equitable effect of the discovery rule in some cases, "[t]he fact that a meritorious claim might . . . be rendered nonassertible is an unfortunate, occasional by-product of the operation of limitations." *Id.* (quoting *Robinson v. Weaver*, 550 S.W.2d 18, 20 (Tex. 1990)) (internal quotation marks omitted).

First, Dupnik claims "[i]t was impossible to know the exact meaning of the contradictory terms in the 1998 deed [or] to know that she had suffered a legal harm unless and until [Hermis] attempted to assert claims adverse to [Dupnik]." This argument contradicts her claim that the ambiguity was patent and obvious on the face of the instrument. Regardless, the fact that Dupnik may not have understood the exact meaning of the allegedly contradictory terms does not negate that, by her very own admission, the terms of the instrument appear facially problematic to her. With due diligence, she would have learned of the alleged mistake.

An instrument that describes the property as "surface only" in contravention of the parties' alleged intent is not the type of inherently undiscoverable injury contemplated by the discovery rule. An inherently undiscoverable injury is one that is "by nature unlikely to be discovered within the prescribed limitations period despite due diligence." *Id.* at 7. In her Responses to Request for Admissions, Dupnik denied that she read all parts of the 1998 deed when it was delivered to her by Hermis. As such, there can be little doubt that due diligence was

not exercised. Dupnik's claim fails for two reasons: (1) it was not an inherently undiscoverable defect; and (2) due diligence was not exercised. Thus, the discovery rule is inapplicable to prevent this case from being barred by limitations.

**APPLYING RULES OF INTERPRETATION/CONSTRUCTION TO 1998 DEED**

Even if this suit were not barred by the statute of limitations, Dupnik's claim would fail under the rules of interpretation/construction. Dupnik contends that the 1998 deed is ambiguous and that without looking to the history of transactions between the parties, there is a facially "irreconcilable internal conflict" in the 1998 deed because it purports to convey only the surface estate without reserving the mineral estate. This court is urged to look to the 1991 and 1994 deeds, which conveyed the mineral interests along with the surface estates, and the contract for sale of the 1998 deed, which did not include "surface only" language, to determine the parties' intent to convey the mineral estate in the 1998 deed as well.

In *Terrill v. Tuckness*, this court set out a three-step interpretation process: (1) "ascertain the grantor's intent by examining the plain language of the deed"; (2) apply the appropriate rules of construction; and then (3) allow extrinsic evidence to aid in interpretation. 985 S.W.2d 97, 102 (Tex. App.—San Antonio 1998, no pet.). Courts reach the third step of admitting extrinsic evidence only if the grantor's intent remains unclear after the rules of construction are applied. *Longoria*, 292 S.W.3d at 166 (citing *Terrill*, 985 S.W.2d at 102). "An instrument is ambiguous *only* when the application of the rules of construction leaves it unclear which meaning is the correct one." *Id.*; *Terrill*, 985 S.W.2d at 102. When construing a deed, we try to determine the intent of the parties by considering the instrument as a whole, attempting "to harmonize and give effect to all the provisions of the agreement, even if different parts of the deed appear inconsistent or contradictory." *Concord Oil Co. v. Pennzoil Exploration & Prod. Co.*, 966

- 8 -

S.W.2d 451, 454 (Tex. 1998); *Hausser v. Cuellar*, 345 S.W.3d 462, 466 (Tex. App.—San Antonio 2011, pet. denied).

A reservation of minerals must be by clear language, and "[c]ourts do not favor reservations by implication." *Sharp v. Fowler*, 252 S.W.2d 153, 154 (Tex. 1952). At least one Texas court, however, has considered a grant of only the surface estate to be a clear reservation of the mineral estate. *See Large v. T. Mayfield, Inc.*, 646 S.W.2d 292, 294 (Tex. App.—Eastland 1983, writ ref'd n.r.e.) (holding that a grant of "the Surface Rights" conveyed only the surface estate); *see also Poag*, 317 S.W.3d at 827 (suggesting that the language "surface estate only" conveys only the surface estate). Moreover, a reservation "is something to be deducted from the thing granted, narrowing and limiting what would otherwise pass by the general words of the grant." *King v. First Nat'l Bank of Wichita Falls*, 192 S.W.2d 260, 262 (Tex. 1946); *see also Hunsaker v. Brown Distrib. Co.*, 373 S.W.3d 153, 158 (Tex. App.—San Antonio 2012, pet. denied) (concluding that even though Hunsaker did not specifically reserve one-half of the mineral estate he owned, Brown only received one-half of Hunsaker's mineral estate because Hunsaker only conveyed one-half of the mineral estate to Brown).

Harmonizing the "surface only" language with the reservation of "none" leads to the conclusion that the intent reflected in the document was to convey the surface estate without retaining rights to any of the substances that belong to the surface estate owner. *See Moser*, 676 S.W.2d at 102 (listing substances that belong to the surface estate as a matter of law). As the Supreme Court of Texas has recognized, because we are required to ascertain the parties' intent from the language used within the instrument's four corners, "the actual, subjective intent of the parties will not always be given effect even if we were able to discern that subjective intent." *Concord Oil Co.*, 966 S.W.2d at 454. Because Dupnik's cause of action is barred by the statute

of limitations, we need not address the parties' remaining claims regarding the statute of frauds, the attachment of a verified affidavit, and relief not requested.

## CORRECTION OF JUDGMENT

Upon review of the judgment and relevant deeds in the case, we noticed that the judgment mistakenly excepted Dupnik's mineral interest from an improper tract of land, thereby incorrectly awarding Hermis a mineral interest under all 24.58 acres of Dupnik's surface estate. An appellate court has the authority to modify an incorrect judgment, even without a party's request, when the record contains the necessary information to do so. TEX. R. APP. P. 43.2(b); *Hutton v. State*, 313 S.W.3d 902, 909 (Tex. App.—Amarillo 2010, pet. ref'd); *In re T.P.*, 251 S.W.3d 212, 215 (Tex. App.—Dallas 2008, no pet.).

The judgment purports to identify the parties' respective mineral interests in the entire one-hundred acres partitioned in 1983. A review of the deeds in this case revealed that tracts one, three, and six are the 24.68 acre tracts owned by the other three parties to the 1983 partition. Tract two in the judgment is the 24.68 acre tract that was owned by Hermis after the 1983 partition. Tracts four and five described in the judgment are the tracts conveyed to Dupnik by Hermis in the 1991 and 1994 deeds. In accordance with the 1998 deed, the judgment properly provides that Hermis has an undivided 25% interest in the minerals under tracts one and three. The judgment also correctly provides that Dupnik has an undivided 25% mineral interest in tracts four and five.

It appears, however, that the trial court's judgment confused tracts two and six and incorrectly excepted Dupnik's mineral interest in tracts four and five from Hermis's mineral interest in tract six instead of tract two. The judgment should reflect that Hermis has an undivided 25% mineral interest in tract six with no exception. The judgment should also reflect that Hermis has an undivided 25% mineral interest in tract two, save and except Dupnik's

undivided 25% mineral interest in tracts four and five (described as tracts A and B in the incorrect portion of the judgment excepting these tracts from Hermis's undivided 25% mineral interest in tract six). Accordingly, we modify the judgment to reflect these changes.

## CONCLUSION

We conclude the four-year statute of limitations applies and the discovery rule does not prevent its accrual in this case. Consequently, we affirm the judgment of the trial court as modified to reflect the parties' actual interests in the one-hundred acres.

Catherine Stone, Chief Justice