**Opinion filed July 9, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00025-CV

_____

## IN THE MATTER OF A.G., A JUVENILE

**On Appeal from the 279th District Court**

**Jefferson County, Texas**

**Trial Court Cause No. F-10591-J**

## O P I N I O N

In four points, A.G., a juvenile, challenges the trial court's judgment modifying disposition and committing him to the Texas Youth Commission (TYC). We reverse and remand.

*Factual Background*

On July 10, 2007, appellant pleaded "true" to an allegation that he used a vehicle to intentionally flee from police officers who were attempting to detain him on November 22, 2006. The incident occurred when appellant was sixteen years old. Had appellant been an adult, the offense could have constituted a felony. TEX. PENAL CODE ANN. § 38.04 (Vernon 2003). The trial court placed appellant on community supervision for one year in his father's custody. The conditions of appellant's community supervision included not violating any laws of the State of Texas;

attending school daily; reporting to his community supervision officer; obeying curfew; and not associating with negative peers.

Approximately six weeks after being placed on community supervision for the felony-level allegation, Officer Keith Perkins of the Port Arthur Police Department encountered appellant and three other males walking in the middle of the roadway in the 600 block of San Jacinto. Officer Perkins was responding to a report of subjects carrying guns in the neighborhood. Officer Perkins received this report at 7:51 p.m. on August 26, 2007. When Officer Perkins asked the individuals if they had any weapons, appellant informed him that he had a knife. Appellant removed a machete from the waistband of his clothing and gave it to Officer Perkins. Officer Perkins arrested appellant for unlawfully carrying a weapon, to-wit: an illegal knife with a blade longer than five and one-half inches. TEX. PENAL CODE ANN. §§ 46.01(6), 46.02 (Vernon Supp. 2008).

The State filed a petition to modify disposition based upon the allegation that appellant violated the terms and conditions of community supervision by violating a law of the State of Texas by virtue of his subsequent arrest for unlawfully carrying a weapon and that he violated curfew by failing to be home by 7:00 p.m. on the day he was arrested. Appellant was still sixteen years old when the subsequent arrest was made. He turned seventeen years old prior to the adjudication hearing conducted on November 20, 2007, by the trial court on the State's petition to modify disposition.

Appellant contested the State's allegations by attempting to establish the "traveling" defense to the weapon allegation. He testified that he found the knife while walking to his friend's house to retrieve a shirt for school the next morning. He contended that he picked up the knife because he thought it was a collector's item. Appellant asserted that he was returning to his home when he was stopped by Officer Perkins and that he was never more than 600 to 700 feet from his home. The trial court rejected appellant's defensive theories by finding the State's alleged community supervision violations to be "true." After a disposition hearing conducted on November 21, 2007, the trial court committed appellant to TYC for an indeterminate period not to exceed his nineteenth birthday.

*Standard of Review*

Juvenile courts are vested with broad discretion in determining whether to modify the disposition of juveniles found to have engaged in delinquent conduct. *See In re D.R.*, 193 S.W.3d

924, 924 (Tex. App.—Dallas 2006, no pet.); *In re P.L.*, 106 S.W.3d 334, 337 (Tex. App.—Dallas 2003, no pet.). In reviewing the trial court's decision, we examine the entire record to determine whether the trial court acted unreasonably or arbitrarily or without reference to any guiding rules or principles. *See In re D.R.*, 193 S.W.3d at 924; *In re K.B.*, 106 S.W.3d 913, 915 (Tex. App.—Dallas 2003, no pet.).

### *"Traveling" Defense*

Appellant asserts in his first point that the trial court erred in not sustaining his affirmative defense of traveling to the allegation of unlawfully carrying a weapon. A person commits an offense under Penal Code Section 46.02 if he "intentionally, knowingly, or recklessly carries on or about his or her person [an] . . . illegal knife." However, Section 46.02 does not apply to a person who is traveling. TEX. PENAL CODE ANN. § 46.15(b)(3) (Vernon Supp. 2008). The traveling exclusion from Section 46.02 has the procedural and evidentiary consequences of a defense. *Illingworth v. State*, 156 S.W.3d 662, 664 (Tex. App.—Fort Worth 2005, no pet.) (citing TEX. PENAL CODE ANN. § 2.03(e) (Vernon 2003)). Consequently, once the defendant produces some evidence that supports the defense, the State bears the burden of persuasion to disprove the raised defense. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003) (citing *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991)). However, "[t]he burden of persuasion is not one that requires the production of evidence, rather it requires only that the State prove its case beyond a reasonable doubt. When a [factfinder] finds the defendant guilty, there is an implicit finding against the defensive theory." *Id*. (citation omitted). In other words, the State has "no duty to introduce affirmative controverting evidence to rebut the defensive theory." *Ayesh v. State*, 734 S.W.2d 106, 107 (Tex. App.—Austin 1987, no pet.). Rather, the State satisfies its burden of proof if "the [factfinder] could properly disbelieve appellant's testimony" on the issue. *See id*. (citing *Johnson v. State*, 571 S.W.2d 170, 173 (Tex. Crim. App. 1978)).

The legislature has never defined what "traveling" means, and its precise meaning has been the subject of much debate. *See Ayesh*, 734 S.W.2d at 108. Texas courts have generally distinguished "traveling" based on the distance and duration of the trip. *See Birch v. State*, 948 S.W.2d 880, 882 (Tex. App.—San Antonio 1997, no pet.). Some cases have suggested that crossing county lines establishes traveling, *see Illingworth*, 156 S.W.3d at 665 (citing *Ballard v. State*, 167

3

S.W. 340, 340 (Tex. Crim. App. 1914)), but this is not a categorical rule, *see Perez v. State*, 87 S.W.3d 648, 652-53 (Tex. App.—San Antonio 2002, no pet.). The Austin Court of Appeals observed that the traveling exception generally "applies to persons on a journey which takes them some distance from their home in excess of 35 miles, or 40 miles, and the trip must typically be overnight." *Ayesh*, 734 S.W.2d at 108 (citations omitted). We conclude that the trial court could have properly disbelieved appellant's testimony that he was traveling. He was only a short distance from his home, and he was not traveling overnight. Furthermore, the presence of three other individuals walking along with appellant at the time that Officer Perkins stopped him is a fact that contradicts his contention that he was simply returning home with a knife that he just found while walking to a friend's house. Appellant's first point is overruled.

### *Curio Defense*

In his second point, appellant contends that the trial court erred in not sustaining his contention that the knife was a curio. However, appellant does not cite any authority that carrying a knife that might constitute a collector's item is an exception to prosecution under Section 46.02. In this regard, the Penal Code provides a "curio" exception for firearms, but it does not provide a similar exception for illegal knives. TEX. PENAL CODE ANN. § 46.01(3), (6) (Vernon Supp. 2008). In his argument in support of the second issue, appellant contends that the State failed to meet its burden because it did not show that he used, exhibited, or brandished the knife in a threatening manner. We disagree. Section 46.02 does not require evidence that the accused used a weapon in any particular manner. A person is guilty of unlawfully carrying a weapon by merely carrying it on or about his or her person. Appellant's second point is overruled.

### *TEX. FAM. CODE ANN. 54.05(f)*

Appellant asserts in his third point that the trial court erred in committing him to TYC because the State failed to prove that he violated a reasonable and lawful order of the court. TEX. FAM. CODE ANN. § 54.05(f) (Vernon 2008) provides in relevant part as follows:

> Except as provided by [TEX. FAM. CODE ANN. § 54.05(j) (Vernon 2008)], a disposition based on a finding that the child engaged in delinquent conduct that violates a penal law of this state or the United States of the grade of felony may be modified so as to commit the child to the Texas Youth Commission if the court after a hearing to modify disposition finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court.

4

Thus, a modification order may provide for commitment to TYC if the original disposition was for conduct constituting a felony and the trial court finds the child violated a reasonable and lawful order of the court. *In re J.P.*, 136 S.W.3d 629, 631 (Tex. 2004).

We have previously determined that the trial court did not err in failing to sustain appellant's defenses to the allegation that he violated a law of this State by unlawfully carrying a weapon. The evidence supporting a finding of "true" to the allegation is ample given the fact that appellant was carrying a knife in his waistband that had a blade longer than five and one-half inches. The trial court additionally found that appellant violated the curfew provision of his terms and conditions of community supervision, and appellant has not challenged this finding on appeal. Accordingly, the trial court did not err in determining that appellant violated a reasonable and lawful order of the court. Appellant's third point is overruled.

*TEX. FAM. CODE ANN. 54.05(m)*

In his fourth point, appellant contends that the trial court erred in committing him to TYC because the evidence was insufficient to support a finding that "*all* reasonable efforts" had been expended to prevent his placement outside his home (emphasis added). The decision to commit a child to TYC is a discretionary decision of the trial court subject to review for an abuse of that discretion. *In re J.P.*, 136 S.W.3d at 632. We apply the civil standards in reviewing the legal and factual sufficiency of the evidence supporting a juvenile court's disposition decision. *In re T.E.G.*, 222 S.W.3d 677, 678-79 (Tex. App.—Eastland 2007, no pet.). In our legal sufficiency analysis of the juvenile court's fact findings, we apply the *City of Keller* requirements: we consider the evidence in the light most favorable to the findings and indulge every reasonable inference that supports them; we credit favorable evidence if a reasonable trier of fact could and disregard contrary evidence unless a reasonable trier of fact could not; we recognize that the trier of fact is the sole judge of the witnesses' credibility and the weight to be given their testimony; and we cannot substitute our judgment for that of the trier of fact so long as the evidence falls within the zone of reasonable disagreement. *City of Keller v. Wilson*, 168 S.W.3d 802, 821-28 (Tex. 2005). With respect to the factual sufficiency of the evidence, we consider and weigh all the evidence and set aside the juvenile court's determination only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *In re J.D.P.*, 85 S.W.3d

420, 426 (Tex. App.—Fort Worth 2002, no. pet.); *In re T.K.E.*, 5 S.W.3d 782, 785 (Tex. App.—San Antonio 1999, no pet.).

TEX. FAM. CODE ANN. § 54.05(m) (Vernon 2008) provides in relevant part as follows:

If the court places the child on probation outside the child's home or commits the child to the Texas Youth Commission, the court:

(1) shall include in the court's order a determination that:

(A) it is in the child's best interests to be placed outside the child's home;

(B) reasonable efforts were made to prevent or eliminate the need for the child's removal from the child's home and to make it possible for the child to return home;  and

(C) the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation[.]

Accordingly, appellant appears to be challenging the determination required by Section 54.05(m)(1)(B) that reasonable efforts were made to prevent or eliminate the need for the child's removal from the child's home.[1]

The only evidence offered by the State at the disposition hearing consisted of a report prepared by appellant's community supervision officer.  *See* TEX. FAM. CODE ANN. § 54.05(e) (Vernon 2008).  This report stated in relevant part as follows:

**EXISTING CONDITIONS:**
. . . .

On September 19, 2007, it was determined in a Case Review that the Texas Youth Commission would be most beneficial to [appellant] being that he is 17 years old and was very recently adjudicated and had already received an additional offense involving a weapon.

---

[1] We note that appellant has misstated the requirements of Section 54.05(m)(1)(B).  This section does not require a showing that *all* reasonable efforts were made to prevent or eliminate the need for the child's removal from the child's home (emphasis added).

**PROBATION OFFICER'S OPINION:**

In this officer's opinion, [appellant] made a foolish judgment that he has learned was definitely the wrong thing to do, unfortunately due his being 17 years old [sic] and riding the fence of childhood and adulthood this department has little left to offer him.

**SUMMARY AND RECOMMENDATION:**

[Appellant], age 17, was placed on Delinquent Court Probation on July 10, 2007 for the offenses of Evading Arrest with a Vehicle and Evading Arrest.

On November 22, 2006, [appellant] committed the offense of Evading Arrest with a Vehicle, which is a felony. He was adjudicated for this offense on July 10, 2007 and received a disposition of Delinquent Court Probation.

It is believed that [appellant] has engaged in delinquent conduct and is in need of rehabilitation. Therefore, it is the recommendation of the Jefferson County Juvenile Probation Department that:

1.   [Appellant] be committed to the care, custody and control of the Texas Youth [Commission] because it is in the best interest of the child; and the child, in the child's homes [sic], cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation.

Appellant called his current community supervision officer as a witness at the disposition hearing. She denied hearing any discussions in the community supervision department about reasonable efforts that could be made to return appellant to his home.

As noted previously, only six weeks elapsed between the time that appellant was placed on delinquent court community supervision and his subsequent arrest for unlawfully carrying a weapon. Appellant was continuously detained thereafter in the Jefferson County Juvenile Detention Center after his arrest on the weapon charge. Accordingly, appellant was only on community supervision for a short period of time while in his father's custody. There is no evidence of any efforts to return appellant to his home after he was arrested on the weapon charge. As reflected in the report from the community supervision department, the evidence affirmatively demonstrates that the department did not attempt to return appellant to his home with more stringent community supervision

7

conditions after the subsequent arrest or make any other alternative placement short of TYC. In the absence of evidence of alternative placement efforts, we conclude that the trial court abused its discretion in determining that reasonable efforts were made to return appellant to his home environment. Appellant's fourth point is sustained.[2]

*This Court's Ruling*

Having found error in the trial court's judgment, it is reversed, and this cause is remanded for a new disposition hearing. TEX. FAM. CODE ANN. § 56.01(i) (Vernon 2008).

TERRY McCALL

JUSTICE

July 9, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

---

[2]Appellant also raises an argument that the trial court abused its discretion because it failed to follow the Progressive Sanctions Model. TEX. FAM. CODE ANN. §§ 59.001-.015 (Vernon 2008). The Family Code does not permit a juvenile to bring this complaint on appeal, however. *See* Section 59.014(3) ("A child may not bring an appeal or a postconviction writ of habeas corpus based on . . . a departure from the sanction level assignment model provided by this chapter."). A juvenile court's decision is guided by the Progressive Sanctions Model, but the guidelines are not mandatory. *Id.*; *In re C.C.*, 13 S.W.3d 854, 858 (Tex. App.—Austin 2000, no pet.).