Opinion filed November 30,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-08-00315-CV

                                                    __________

 

 

                       IN
THE MATTER OF S.D.M.S., A JUVENILE

 



 

                                  On
Appeal from the County Court at Law

 

                                                          Midland
County, Texas

 

                                                       Trial
Court Cause No. 5773

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The trial
court, sitting as a juvenile court, found that S.D.M.S. had engaged in serious
delinquent conduct (the aggravated sexual assault of a child), adjudicated his delinquency,
and placed him on probation.  The State subsequently filed a motion to modify the
disposition.  After a hearing on the motion, the trial court modified its
previous disposition and ordered that S.D.M.S. be committed to the Texas Youth
Commission.  We affirm.   

            In
his sole issue on appeal, S.D.M.S. contends that the trial court abused its
discretion in modifying the disposition because the evidence was legally
insufficient to show that S.D.M.S. had violated the terms and conditions of his
probation.  The State alleged and the trial court found that appellant had
violated the terms and conditions of his probation by being unsuccessfully
discharged from Garza County Regional Juvenile Detention Center for (1) noncompliance
and (2) persistently failing to participate in the sex offender program.  S.D.M.S.
argues in his brief that the terms and conditions of his probation did not
require him to participate in the sex offender program or to “successfully complete”
the program at Garza.

            A
juvenile court may modify a disposition so as to commit the child to the TYC if
the court finds, by a preponderance of the evidence, that the child violated a
reasonable and lawful order of the court.  Tex.
Fam. Code Ann. § 54.05(f) (Vernon 2008).  A juvenile court has broad
discretion in determining whether to modify the disposition of a juvenile, and
an appellate court may not disturb the juvenile court’s determination absent an
abuse of discretion.  In re A.G., 292 S.W.3d 755, 759 (Tex.
App.—Eastland 2009, no pet.); In re D.R., 193 S.W.3d 924 (Tex.
App.—Dallas 2006, no pet.).  We must examine the entire record and determine
whether the juvenile court acted unreasonably or arbitrarily or without
reference to any guiding rules or principles.  In re A.G., 292 S.W.3d at
759.  

            The
original terms and conditions of S.D.M.S.’s probation included the following
provisions:

(a)    [S.D.M.S.]
is hereby committed to the care, custody and control of Adolfo Salcido, Chief
of the Juvenile Probation Department, a public official of Midland County, at
the Rockdale Regional Juvenile Justice Center, Milam County, Rockdale, Texas,
for a period of at least six (6) months and until completion of program
. . . ; 

 

(b)   [S.D.M.S.]
does hereby agree to participate in the total program at the facility,
including all rules and regulations and to remain in placement until discharged
by the staff at the facility in conjunction with the Midland County Juvenile
Probation Department; (emphasis added).  

 

Because of his
medical conditions, S.D.M.S. was transferred from Rockdale to the Garza County
detention center.

            The
record from the hearing on the motion to modify reveals that S.D.M.S. was
unsuccessfully discharged after seven months in the detention center. 
S.D.M.S.’s case manager at the detention center testified that he was discharged
unsuccessfully after seven months at Garza.  She testified that, during his
last two months at Garza, S.D.M.S. became defiant and disruptive and that he
broke the rules by having sexual writings.  The director of the sex offender
treatment program at Garza, Dr. Beth Shapiro, testified that, though S.D.M.S.
attended the sex offender classes, he had minimal progress in the program
because he would not admit committing the offense that he had originally
pleaded to.  Dr. Shapiro also testified that S.D.M.S. exhibited inappropriate
sexual behavior while at Garza.  The evidence showed that S.D.M.S. was
discharged prior to the completion of the program; therefore, S.D.M.S. violated
term and condition (a) of his probation, which required S.D.M.S. to complete
the program.  Because the evidence supports the trial court’s finding that
S.D.M.S. violated a reasonable and lawful order of the court, we hold that the trial
court did not abuse its discretion in modifying S.D.M.S.’s disposition.  The
sole issue on appeal is overruled. 

            The
order of the trial court is affirmed. 

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

November 30,
2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.