Opinion filed November 30, 2010



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00315-CV

_____

## IN THE MATTER OF S.D.M.S., A JUVENILE

**On Appeal from the County Court at Law**

**Midland County, Texas**

**Trial Court Cause No. 5773**

## M E M O R A N D U M   O P I N I O N

The trial court, sitting as a juvenile court, found that S.D.M.S. had engaged in serious delinquent conduct (the aggravated sexual assault of a child), adjudicated his delinquency, and placed him on probation. The State subsequently filed a motion to modify the disposition. After a hearing on the motion, the trial court modified its previous disposition and ordered that S.D.M.S. be committed to the Texas Youth Commission. We affirm.

In his sole issue on appeal, S.D.M.S. contends that the trial court abused its discretion in modifying the disposition because the evidence was legally insufficient to show that S.D.M.S. had violated the terms and conditions of his probation. The State alleged and the trial court found that appellant had violated the terms and conditions of his probation by being

unsuccessfully discharged from Garza County Regional Juvenile Detention Center for (1) noncompliance and (2) persistently failing to participate in the sex offender program. S.D.M.S. argues in his brief that the terms and conditions of his probation did not require him to participate in the sex offender program or to "successfully complete" the program at Garza.

A juvenile court may modify a disposition so as to commit the child to the TYC if the court finds, by a preponderance of the evidence, that the child violated a reasonable and lawful order of the court. TEX. FAM. CODE ANN. § 54.05(f) (Vernon 2008). A juvenile court has broad discretion in determining whether to modify the disposition of a juvenile, and an appellate court may not disturb the juvenile court's determination absent an abuse of discretion. *In re A.G.*, 292 S.W.3d 755, 759 (Tex. App.—Eastland 2009, no pet.); *In re D.R.*, 193 S.W.3d 924 (Tex. App.—Dallas 2006, no pet.). We must examine the entire record and determine whether the juvenile court acted unreasonably or arbitrarily or without reference to any guiding rules or principles. *In re A.G.*, 292 S.W.3d at 759.

The original terms and conditions of S.D.M.S.'s probation included the following provisions:

(a) [S.D.M.S.] is hereby committed to the care, custody and control of Adolfo Salcido, Chief of the Juvenile Probation Department, a public official of Midland County, at the Rockdale Regional Juvenile Justice Center, Milam County, Rockdale, Texas, for a period of at least six (6) months and *until completion of program* . . . ;

(b) [S.D.M.S.] does hereby agree to participate in the total program at the facility, including all rules and regulations and to remain in placement until discharged by the staff at the facility in conjunction with the Midland County Juvenile Probation Department; (emphasis added).

Because of his medical conditions, S.D.M.S. was transferred from Rockdale to the Garza County detention center.

The record from the hearing on the motion to modify reveals that S.D.M.S. was unsuccessfully discharged after seven months in the detention center. S.D.M.S.'s case manager at the detention center testified that he was discharged unsuccessfully after seven months at Garza. She testified that, during his last two months at Garza, S.D.M.S. became defiant and disruptive and that he broke the rules by having sexual writings. The director of the sex offender treatment program at Garza, Dr. Beth Shapiro, testified that, though S.D.M.S. attended the sex offender classes, he had minimal progress in the program because he would not admit

committing the offense that he had originally pleaded to. Dr. Shapiro also testified that S.D.M.S. exhibited inappropriate sexual behavior while at Garza. The evidence showed that S.D.M.S. was discharged prior to the completion of the program; therefore, S.D.M.S. violated term and condition (a) of his probation, which required S.D.M.S. to complete the program. Because the evidence supports the trial court's finding that S.D.M.S. violated a reasonable and lawful order of the court, we hold that the trial court did not abuse its discretion in modifying S.D.M.S.'s disposition. The sole issue on appeal is overruled.

The order of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


November 30, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.