**Opinion filed August 21, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00045-CV

_____

## IN THE MATTER OF M.S.K., A JUVENILE

**On Appeal from the 323rd District Court**

**Tarrant County, Texas**

**Trial Court Cause No. 97315-J**

### MEMORANDUM OPINION

This appeal arises from the trial court's modification of juvenile disposition concerning M.S.K. We affirm.

Appellant, M.S.K., presents two issues for our review. In her first issue, she contends that the State incorrectly alleged a violation of the terms and conditions of her juvenile probation without any supporting evidence. Appellant argues in her second issue that the trial court erred when it sentenced her to the Texas Juvenile Justice Department (TJJD) for an indeterminate amount of time without first considering other alternative placements.

We will first review whether the State offered sufficient evidence to support its allegation that Appellant violated the terms and conditions of her juvenile probation. Section 54.05 of the Texas Family Code provides that a trial court may modify the original sentence imposed in a juvenile matter and commit the juvenile to the TJJD if the original disposition was for conduct constituting a felony and if the trial court determines by a preponderance of the evidence that the juvenile violated a reasonable and lawful order of the court. TEX. FAM. CODE ANN. § 54.05 (West 2014). Therefore, we look to whether there is evidence to support the trial court's finding, by a preponderance of the evidence, that Appellant violated the terms and conditions of her probation previously ordered by the court.

Appellant has not stated whether her evidentiary sufficiency complaints are in the nature of a legal sufficiency argument or are related to factual sufficiency, or to both. We will review the evidence under the standards of review for both types of review.

We apply the civil standards in reviewing the legal and factual sufficiency of the evidence supporting a juvenile court's disposition decision. *In re T.E.G.*, 222 S.W.3d 677, 678–79 (Tex. App.—Eastland 2007, no pet.); *In re C.J.H.*, 79 S.W.3d 698, 703 (Tex. App.—Fort Worth 2002, no pet.). In considering a legal sufficiency challenge, we review all the evidence in the light most favorable to the trial court's judgment and indulge every reasonable inference in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit any favorable evidence if a reasonable factfinder could and disregard any contrary evidence unless a reasonable factfinder could not. *Id.* at 821–22, 827. In reviewing a factual sufficiency challenge, we consider all of the evidence and uphold the judgment unless it is so against the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

The trial court adjudicated Appellant delinquent for the offenses of criminal trespass and harassment of two public servants. Had Appellant been an adult, the two offenses of harassment of a public servant would have constituted third-degree felonies under TEX. PENAL CODE ANN. § 22.11 (West 2011). Appellant was initially placed on probation for a term of one year under the physical custody of the Department of Family and Protective Services. She was ordered to comply with the Department's placement rules. One of the terms of her probation was that she was to "obey all school rules and regulations."

The State filed a motion to modify disposition and alleged that Appellant violated her probation when she displayed physical aggression toward another student and struck the student with her hand in violation of school rules. The State requested the trial court to issue an order of commitment in which the court would place the care, custody, and control of Appellant with the TJJD.

The State represented that the dean of Appellant's school would have testified that Appellant violated school rules and regulations and violated the Student Code of Conduct when she struck another student following an argument and continued to display physical aggression toward the student. The State also presented an incident report from the school, in which the dean stated that Appellant was arguing with a male student and hit him. The male student then hit Appellant and a fight began between the two.

Appellant stipulated to the evidence as represented by the State and admitted that she violated her probation.

The trial court found that Appellant violated the terms of her probation and ordered her committed to the care, custody, and control of the TJJD for an indeterminate period of time not to exceed the time when she turned nineteen years of age. Appellant was thirteen years of age at the time of the trial court's order.

Appellant contends in her first issue that the State failed to show that she violated the terms and conditions of her probation. Appellant specifically argues that, although the dean referenced an altercation in which Appellant was involved, the dean did not state that the altercation violated school rules.

"A plea of true to a violation of probation and a stipulation to the evidence are analogous to a judicial confession which justifies the court's finding the violation was committed by a preponderance of the evidence." *In re M.A.L.*, 995 S.W.2d 322, 324 (Tex. App.—Waco 1999, no pet.); *see also In re K.B.*, 106 S.W.3d 913, 915 (Tex. App.—Dallas 2003, no pet.) (juvenile's plea of "true" justified trial court's finding, by a preponderance of the evidence, that juvenile had violated a lawful court order).

Here, Appellant agreed that the State's representation of the dean's testimony was true, Appellant stipulated to the evidence, and Appellant admitted that she violated the terms and conditions of her probation. Appellant's admission that she violated the terms and conditions of her probation, along with her agreement that the State's representation of the evidence was true, is both legally and factually sufficient to support the trial court's finding that she violated her probation. Furthermore, the dean stated in the incident report that consequences were handed down to both students after the altercation. Thus, the trial court could have reasonably inferred that fighting violated school rules and that, as such, the students were being punished accordingly. We overrule Appellant's first issue.

Appellant asserts in her second issue that the trial court erred when it committed her to the TJJD. A trial court's modification of juvenile disposition is governed by Section 54.05 of the Family Code. FAM. § 54.05. In a juvenile proceeding, the trial court may modify the original disposition imposed and commit the juvenile to the TJJD if the original disposition was for conduct constituting a felony and the trial court determines by a preponderance of the

evidence that the juvenile violated a reasonable and lawful order of the court. *Id.* § 54.05(f); *In re J.P.*, 136 S.W.3d 629, 631 (Tex. 2004). We review a trial court's decision to modify a juvenile's sentence under an abuse of discretion standard. *In re J.P.*, 136 S.W.3d at 632.

As we have discussed above, Appellant's plea of true to the allegation that she violated her probation supports the trial court's finding that Appellant violated a reasonable and lawful order of the court. In addition, the two offenses of harassment of a public servant, on which the trial court originally adjudicated Appellant delinquent, are third-degree felony offenses under the Penal Code. *See* PENAL § 22.11. Thus, the trial court was authorized to modify the original sentence and commit Appellant to the TJJD under Section 54.05(f).

Section 54.05(m)(1) provides that, if the trial court commits the child to the TJJD, the court shall include in its order a determination that (1) it is in the child's best interest to be placed outside the child's home, (2) reasonable efforts were made to prevent or eliminate the need for the child's removal from the child's home and to make it possible for the child to return home, and (3) the child cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation in the child's home. FAM. § 54.05(m)(1); *In re A.G.*, 292 S.W.3d 755, 761 (Tex. App.—Eastland 2009, no pet.). Appellant acknowledges that the trial court included the three findings in its order, but she argues that there was no evidence to support the trial court's findings. Appellant specifically contends that the Department did not make a reasonable attempt to return Appellant to her home or to an alternative home.

The State argues that Texas does not require a trial court to consider alternative dispositions when it modifies a disposition order for conduct that would have been a felony offense if committed by an adult. While Section 54.05 does not require the trial court to consider alternative placements, the statute does require

that the trial court make a determination that removing the child from the home is in the child's best interest, that reasonable efforts were made to keep the child in her home, and that the child could not be provided with the support that she needed within her home to meet the conditions of her probation. *See* FAM. § 54.05(m)(1). Thus, in addition to the trial court's findings under Section 54.05(f)—that the original offenses committed constituted felonies and that the child violated a lawful court order, the court was required to make the three findings, as long as the evidence supported such findings, listed in Section 54.05(m)(1).

We find that the evidence supports the trial court's findings under Section 54.05(m)(1). At the time of the modification hearing, the Department shared custody of Appellant with Appellant's parents. Appellant had already been placed in two facilities outside of her home and had been discharged from the facility she was most recently placed in due to her arrest for inciting a riot. The facility's discharge summary and various incident reports reference multiple incidents of disruptive and inappropriate behavior, including fighting, inciting a riot, using vulgar and provocative language, refusing to obey directives by facility staff, and using marihuana. Appellant's caseworker advised the trial court that a facility in Waco was willing to take Appellant but that Appellant would have to attend a public school. The caseworker told the court that the Department had concerns about whether Appellant would be able to follow the rules of that school and whether that facility would be able to meet Appellant's needs. Appellant's most recent placement facility recommended that she be placed in a locked facility in which she could receive all necessary services in one location. Furthermore, Appellant's probation officer noted in Appellant's social history that her parents had expressed concerns about their ability to provide the quality of care and level of support and supervision that Appellant needed to meet the conditions of her probation.

Because the evidence shows that Appellant had already been removed from her home, that she had been discharged from her previous placement, that her previous placement recommended that she be placed in a locked facility, and that Appellant's parents had concerns about whether they could provide Appellant with the care and support that she needed, we cannot say that the trial court abused its discretion when it made the determinations required under Section 54.05(m)(1) or when it committed Appellant to the TJJD. We overrule Appellant's second issue.

We affirm the order of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


August 21, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.